Wheeler, J.
The term .“public” may be applied to a house either on account of tlie proprietorship, as a court house which belongs to the county, or the purposes for which it is used, as a tavern, storehouse, house for retailing spirituous liquors, &c. The statute appeal’s to have had especially in view houses of- tlie latter class.. Whether any specified house is public, within the meaning and intention of the statute, is a question of law; but whether a place be public will be, in general, a question of fact. Because a court house is public it does not necessarily follow that every room in it is so. Where, as in this case, the County Court have rented a room to an individual, that room may, doubtless, be used as a private dwelling. It would seem, therefore, that it was not sufficient to aver that the court house was a public place; but the averment should have been that the room in which tlie defendant played was so. The house may have been public, in a certain sense, and the room private. We therefore think tlie indictment insufficient in that it did not contain the averment that the room was public. But if the indictment were sufficient, the proof appears scarcely to have warranted the finding of the jury upon the question of fact. It is, however-, unnecessary to determine that question. The objection to the sufficiency of the indictment was well taken by motion in arrest of judgment; the court, we think, erred in overruling the motion, and the judgment is therefore reversed.
Beversed and remanded.