Wheeler, J.
The counsel in this court has declined, and we think very properly, to argue the assignment of errors in behalf of the appellant. The conviction was manifestly correct. The indictment describes the offense more circumstantially aud with greater minuteness of detail than was, perhaps, necessary. But this cannot be cause of complaint by the defendant. It is not perceived that any valid objection can be urged'to its sufficiency. The ground which appears to liave been mainly relied on below was, that the house or room where the offense was laid in the indictment was not a public house within the meaning of the statute.
A house may be said to be a public house either in respect to its proprietorship or its occupancy and uses. The statute, as we have had heretofore occasion to notice, (Shihagan v. The State, 9 Tex. R.,) evidently has reference to those houses which are rendered public by tlieir use as places of public resort. Such unquestionably was that described by the indictment and proof in this case. There can be no question that it was public within the meaning and intention of the law.
We are of opinion that there is no error in the judgment, aud that it be affirmed.
Judgment affirmed.
Note 50. — Pierce v. The State, 12 T., 210; Redditt v. The State, 17 T., 610; Horan v. Chief Justice of Travis county, 27 T., 226.