## J. B. Reid v. G. W. Reid.

Where Reid & Robinson drew a draft for $1000, dated at Grand Gulf, Mississippi, on R. M. Ellis & Co., New Orleans, in favor of George W. Reid, at twelve months from date, and the same was accepted, but afterwards regularly protested for non-payment, and one of the drawers, having removed to this State and being sued by the payee, objected that suit had not been brought against the acceptors to the first Term of the Court, or &c., the Court said, The draft, upon its face, has the appearance of being mercantile paper, and the presumption is that it was between merchant and merchant, if it, in truth, was not, this presumption ought to have been rebutted by proof.

Where the draft, sued on, purported to be drawn by an agent of the defendant, and there was no affidavit filed by the latter, denying its execution by him or by his authority, and the defendant had answered by a general denial, and a plea that the draft had been paid by the acceptors and charged to him, &c., in answer to an objection by the defendant, that the authority of the agent was not proved, the Court said, He should have averred that want of authority in his agent Tynor, and it should have been denied on oath, to put the plaintiff on proof of his authority; this he did not do, and his answer is repugnant to such a defence.

Where a draft was payable to George W. Reed and the Notary in making the protest, mistook the name for George N. Reid, and carried the mistake into the notice of protest, the mistake was held to be immaterial.

Where the answers to interrogatories filed by the defendant to the plaintiff who was alleged to reside in Mississippi, purported to be taken before a Judge of a Circuit Court, being a Court of record, in Virginia, certified under the private seal of the Judge, to which was attached the certificate of the Clerk of the Court, under the seal of the Court, that the person whose signature and seal attested the answers, was the Judge of said Court, to which was attached the certificate of the Governor, under the great seal of the State, that the person purporting to act as Clerk was Clerk of said Court, &c., and there was no commission nor copy of the interrogatories accompanying the answers, the Court said, The statute, authorizing a party to propound interrogatories to the other party, is silent as to the manner in which the answers shall be returned or authenticated; and when a party sues as a non-resident, if the answers he returns, appear to have been sworn to, by the party, before a person that, *prima facie*, had authority to administer an oath, and such person has authenticated the fact of such oath having been taken before him, the answers ought to be received, if these presumptions of authority are not rebutted. The objection that it may not have been really the plaintiff who made the answers on oath, is not thought to be worthy of notice.

The statute (Acts of 1853, p. 19) which provides that the District Judge "shall "not charge or instruct the jury in any case, unless the charge shall have been "by him first reduced to writing, and signed," &c., is directory merely; and a violation of it cannot therefore be assigned as error.

73

Reid v. Reid.

Where the Court below charged the jury " that the evidence, offered by the plain-
tiff, was sufficient to entitle him to recover the amount of the said draft," this
Court said, " We say decidedly, that it would be error in a Judge, to charge the
" jury on the weight of evidence ; but where that evidence is all on one side, and
" a sufficiency of written evidence (the draft sued on, and a deposition) to au-
" thorize a verdict, we do not believe that it would be any invasion of the pro-
" vince of the jury, to say that such evidence authorized them to find a verdict ;
" because that it clearly appertains to his authority, to give the legal effect of
" written evidence."

Appeal from Victoria.  The petition alleged that J. B.
Reid, the defendant, was one of the firm of Reed & Robinson.
It was neither averred in the petition nor proved at the trial,
that Reid & Robinson were merchants; nor that R. M. Ellis
& Co. had been sued to the first Term of the Court, or &c. ;
nor that they resided beyond the jurisdiction of the Court.
This suit was brought July 19th, 1852.  The defendant did
not file an affidavit in writing, denying the execution of the
draft.  When the plaintiff offered the draft in evidence, the
defendant objected to the same, on the ground that Tynor's
authority had not been proved ; and the objection being over-
ruled, he excepted.  The protest recited that the draft was
presented at the request of George N. Reid, as holder thereof;
and the Notary testified that the notice to Reid & Robinson
read as follows: " Please take notice that a draft drawn by
" you in favor of George N. Reid on, and accepted by R. M.
" Ellis & Co., of this city, for the sum of $1,000, dated," &c.
In the same deposition, where the interrogatory was, whether
he had, on the 13th of March, A. D., 1852, protested a draft
of which the following was a copy, the name of the payee
being written Geo. W. Reid, he replied that he did.  The peti-
tion alleged that the plaintiff resided in Mississippi ; and the
answers to the interrogatories which were filed by the defend-
ant, purported to be made and authenticated in Virginia, and
to be the " answers of George W. Reid to interrogatories
" propounded to him by Jacob B. Reid, the defendant in a
" suit pending in the District Court, Victoria county, State of
" Texas, in which he, the said George W. Reid, is plaintiff

Reid v. Reid.

"and he the said Jacob B. Reid is defendant." They were certified by "John B. Clopton, Judge of the Circuit Court of "Henrico county in the State aforesaid, (Virginia,) the same "being a Court of record," under his private seal; then followed the certificate, under the seal of the Court, of J. O. Moseley, the Clerk of the Court, that said Clopton was Judge of said Court; then the certificate of the Governor that said Moseley was Clerk of said Court, and that full faith and credit were due to his official acts. But there was no objection to the mode of authentication, unless it be found in the objection that the answers did not appear to be the answers of the plaintiff. The only evidence in the case was the draft; the protest; that notice (such as is herein before described) was mailed same day to Reid & Robinson, at Victoria, Texas, and to Tynor, Grand Gulf, Mississippi; and the answers of the plaintiff to the defendant's interrogatories, in which he denied all the material allegations in the defendant's answer. The Court gave the following verbal instruction, without reducing the same to writing: "That the evidence, offered by the plaintiff, was suf- "ficient to entitle him to the amount of the said draft, to which "instructions of the Court, the defendant, by his counsel, ex- "cepted," &c. This statement must be taken in connection with the statement of facts contained in the opinion, The overruling of defendant's motion for a new trial was not assigned as error. The assignment respecting the Judge's charge was, "The Court erred in giving verbal instructions to the jury."

*A. S. Cunningham*, for appellant. I. It is contended that the draft or bill could not be read to the jury without proof of Tynor's agency.

The words of the statute are, "Such instrument or note in "writing shall be received as evidence without the necessity "of proving its execution, unless the party by whom or by "whose authority such instrument or note is charged to have

" been executed, shall file his affidavit in writing, denying the
" execution thereof." (Hart. Dig. Art. 741.)   Now, whether
the suit be brought against the drawer or the principal of the
drawer, the execution need not be proven.   This is a danger-
ous rule of practice, even when confined to its literal construc-
tion; because estates of deceased persons, and non-residents
who are served only by publication, are within its operation.

II. There was error in allowing the protest, &c., to go to
the jury.   It is contended that the law of 1848, (Hart. Dig.
Art. 2528–29–31–32–33,) gives effect of notice and protest
only in cases of merchants, their factors and agents.   The
proviso here must be considered as nugatory, unless it does
so.   The general mode of fixing liability of drawers of bills
and indorsers of notes, is fixed by the Art. 2528; and an ex-
ception, or additional mode, is given in Art. 2531–33.

III. There is a fatal variance between the note sued on and
the one protested; the one being alleged to have been drawn
in favor of George W. Reid, and the other George N. Reid.

IV. The Court erred in not ruling out the answers of plain-
tiff; because the interrogatories were not attached, showing
that they were answers to those interragatories put to plaintiff
by defendant.   A resident of Mississippi answers certain
questions in Virginia; what questions is not known.   It would
be impossible to convict him of perjury if he has sworn false-
ly.   The practice would be loose which would allow the an-
swers of yes or no, or such as is generally given, without
showing to what questions their answers are given.

V. Lastly.   The Court below committed a fatal error in its
instructions to the jury.   (Rec. 33.)   1st. It was error to give
verbal instructions.   (See Laws of Texas, 1852, page  .)   2nd.
It was error to instruct the jury in the weight of testimony.
(Hart. Dig. Art. 753.)   3rd. The instructions were in them-
selves contrary to law and erroneous.

1. Because authority to draw should have been shown.

2. Because the protest and notice does not fix the liability
of defendants.

3. Because the acceptors had not been sued first or simultaneously with the drawer's. (Hart. Dig. Art. 670 and 705.)

In this case it is not alleged or proven that the acceptors are non-residents; and the Court will not judicially know that "New Orleans, La." is without the limits of Texas any more than "St. Louis, Mo."

*W. S. Glass*, for appellee. I. The plaintiff was not required to prove the execution of the draft; for it was not denied under oath. (Hart. Dig. Art. 741.)

II. The variance in the name of the payee, as it appeared in the draft and in the protest and notice, was immaterial, because the defendant could not have been thereby injured or misled. The description was perfect in names, dates amount, mode of execution, and in every respect, except in the initial letter (the only one given) of the middle name of the payee; and there was no pretence that there was any other draft in existence, to which the protest and notice could have applied. (McKay and another v. Speak and another, 8 Tex. R. 376; Mills v. Bank U. S., 11 Wheat. 431–441.)

III. The statute does not require that a copy of the interrogatories of the plaintiff should be attached to, or accompany the defendant's answers. No objection was made as to the authentication. They purport to be the answers, signed with his own hand and sworn to, of George W. Reid, to interrogatories propounded to him by Jacob B. Reid the defendant in a suit pending in the District Court, Victoria county, State of Texas, in which he the said Geo. W. Reid is plaintiff and the said Jacob B. Reid is defendant. It was not pretended that there was any other suit in said District Court between said parties.

IV. The charge was reduced to writing by the defendant's counsel, and signed by the Judge; thus securing to the defendant, all that was intended by the statute, a fair bill of exceptions.

Although the charge is spread upon the record, the appel-

lant does not complain of it, because it was erroneous, but only because it was verbal. The overruling of the motion for new trial is not assigned for error; nor does any of the assign-ments of error raise the question of the sufficiency of the evidence to support the verdict.

As the correctness of the charge cannot be inquired into, under the assignment of errors, the case stands as if it was expressly admitted on the record to be correct. The statute is merely directory, and I know of no rule of laws, which will require the Court, to reverse a judgment for a mere irregularity in the District Judge, which is not alleged to have operated to the prejudice of the appellant, and when the truth and justice of the case has been manifestly attained.


LIPSCOMB, J. This suit was brought by the appellee, as the payee of a bill of exchange, against the drawer. A copy of the bill is as follows.

$1000.                    GRAND GULF, March 11th, 1851.

Twelve months after date, pay to the order of George W. Reid, one thousand dollars, value received, and charge the same to account of              REID & ROBINSON,

*Per* E. M. TYNOR, Agent of the Guadalupe Navigation Co. To Messrs. R. M. Ellis & Co., New Orleans.

R. M. Ellis & Co., written across the face.

In the petition, the plaintiff alleges that this bill was made and delivered to him, for a valuable consideration, by the authorized agent of Reed and Robinson; that it was duly presented at maturity, to the drawees, who had accepted it by writing their name across the face of the bill, before its maturity; that they had refused payment; that it was duly protested for non-payment, and the drawers duly notified thereof; that it was drawn in the State of Mississippi, where five per cent. damages and eight per cent. interest are allowed by law.

The defendant demurred; and answered, 1st, denying all the allegations contained in the plaintiff's petition; 2nd, and further, that he had sufficient funds in the hands of the ac-

ceptors at the time of their acceptance; 3rd, that at the date of the draft and acceptance, the said R. M. Ellis & Co. were the merchants of the defendant; that at the said dates they had sufficient funds of the said Reid & Robinson in their hands to pay the full amount thereof; and that the said R. M. Ellis & Co. did pay the full amount thereof, to said plaintiff, or transferred the said amount to the credit of the said plaintiff on the books of R. M. Ellis & Co., and charged the said amount on said books to Reid & Robinson; and that the draft is not the property of the plaintiff, but is the property of, and rightfully belongs to, Reid & Robinson, and has been put in suit fraudulently and wrongfully, by the connivance of the said R. M. Ellis & Co., and he files, under the statute, several interrogatories to the plaintiff, to establish this last defence. There was a trial and verdict for the plaintiff; a motion for a new trial, which was overruled; and the defendant appealed.

The objection presented by the decree is, that the suit under our statute, to fix the liability of the drawer, ought to have been brought to the first Term of the Court after the cause of action accrued, that is after the failure to pay the draft, or to the second Term, on showing good cause why it was not to the first. This is certainly true, according to the statute. (Hart. Dig. Art. 2528.)

But there is an exception in the statute, in favor of drafts between merchant and merchant, leaving the liability of the drawer to be fixed according to the law merchant. The draft, upon its face, has the appearance of being mercantile paper; and the presumption is that it was between merchant and merchant. If it, in truth, was not, this presumption should have been rebutted by proof; and there was no evidence, showing the true character of the parties to it.

The appellant contends that the draft should not have been read in evidence, until after the plaintiff had proven the agency of Tynor, and his authority to draw the draft in his name. The answer is that he should have averred the want of

authority in his agent Tynor, and it should have been denied on oath, to put the plaintiff on proof of his authority. This he did not do, and his answer is repugnant to such a defence. The demand, refusal, protest and notice seem to be in strict conformity to the law merchant, to fix the liability of the defendant. There is nothing in the objection that in the notarial act, there was a mistake in the middle letter of the payee's name, making it George N., instead of George W. It was not calculated to deceive him. It might possibly have been of some consequence, if the mistake had been in the name of the drawer, if the middle name had been necessary to distinguish him from another person of the same name, only distinguished by a letter between his given and his surname.

The answers to the interrogatories, propounded by the defendant to the plaintiff, were read in evidence, though objected to by the defendant upon the ground that a copy of the interrogatories were not returned with them, and that there is no evidence that they are really the answers of the plaintiff. The statute, authorizing a party to propound interrogatories to the other party, is silent as to the manner in which the answers shall be returned or authenticated; and when a party sues as a non-resident, if the answers he returns, appear to have been sworn to, by the party, before a person that, *prima facie*, had authority to administer an oath, and such person has authenticated the fact of such oath having been taken before him, the answers ought to be received, if these presumptions of authenticity are not rebutted. The answers appear to have been sworn to before, and authenticated by, a Judge of the Circuit Court of a sister State, his official character certified to by the Clerk of the Court, to which is added the certificate of the Executive, with the seal of the State. The objection that it may not have been really the plaintiff who made the answers on oath, is not thought to be worthy of notice. We believe that they were sufficiently authenticated, to authorize the Court to receive them.

The general charge of the Judge was verbal, which is as-

signed by the appellant as error.   The statute of ——— requires the Circuit Judges to make their general charges to the jury in writing.   But we regard the statute as directory in this matter to the Judge.   If he disobeys it, we are not aware, that he is responsible to us for such omission; but he is personally responsible to the Legislature.   We do not consider that we have any thing to do with the manner, but with the matter of the charge given.   If there is no error, in law, in his charge; if he has charged the law correctly, and not usurped the rights of the jury: we cannot reverse the judgment, upon the ground merely, that the charge was verbal, instead of being in writing.

It is said, however, that his charge was erroneous, in informing the jury that the evidence was sufficient to authorize their finding a verdict for the plaintiff.   We say decidedly, that it would be error in a Judge, to charge the jury on the weight of evidence; but where that evidence is all on one side, and a sufficiency of written evidence to authorize a verdict, we do not believe that it would be any invasion of the province of the jury, to say that such evidence authorized them to find a verdict; because that it clearly appertains to his authority to give the legal effect of written evidence.

We believe, therefore, that there is no error in the judgment, in this case; and, therefore, it is affirmed.

Judgment affirmed.