THOMAS H. REDDITT v. THE STATE.

See this case for evidence which was held sufficient to warrant a conviction for playing cards in a public house, where the place was the back room of a physician's (the defendant's) office, in a town where said physician also kept his drugs, but the witness did not know whether he kept them for sale generally, or only to supply his own patients.

Appeal from Freestone. Tried below before the Hon. Henry J. Jewett.

Indictment for playing at a game of cards, on which money

was bet, at a certain office, being the same then occupied as a physician's office and druggist's store, by the said Redditt, and being then and there a public house.

The only assignment of error was, that the Court erred in overruling the defendant's motion for a new trial. The grounds of the motion were, that the verdict was contrary to the evidence, and contrary to the charge of the Court and the law.

The evidence was as follows : Richard Ellis, for the State, testified that he saw a game of cards played by the parties named in the indictment, with money bet on the game, in the back room of Dr. T. H. Redditt's office in the town of Fairfield in Freestone county, about the time charged in the bill of indictment ; that the house contained a front room occupied by Redditt as a physician's office, and where said Redditt also kept his drugs ; but he did not know whether he kept them for sale generally or only to supply his own patients ; that the back room, at the time of the card playing, was occupied by Mr. Lumpkin or Mr. Thomson as a bed room, but neither of them was present on the night of the card playing. Witness and H. H. Noland, and the parties named in the indictment, went through the front room into the back room and locked the door after them, and that the window of said back room opened upon a back lot, and that blankets were hung up over the window ; that said office is situated on a public street in the town of Fairfield about thirty yards from Noland's grocery and about the same distance from Bragg and Clough's store ; that there was a bed in the back room, and that neither before nor since has witness known of other card playing in that room, and that there was a door from the back room opening into the back lot.

*G. F. Moore*, for appellant. The facts of this case are not as strong against the appellant, as in the case of Clark v. State, 12 Ala. 492, which was decided under a statute precisely

similar to our own. This case is therefore submitted under the authority of that case. (9 Vol. U. S. Dig. p. 257, Section 7.)

*Attorney General*, for appellee.

WHEELER, J. It requires neither argument nor authorities to prove that a house, where drugs and medicines are kept and vended, is a "storehouse" within the meaning of the Act inhibiting gambling. (Hart. Dig. Art. 1474.) Repeated decisions of this Court have settled, that the inhibition of playing in the house, will include an inhibition of playing in a room, other than the main room, or room in which the business is pursued which gives character to the house. (Cole v. The State, 9 Tex. R. 42 ; 12 Id. 210 ; 10 Id. 275.)

The charge of the Court left it, very fairly, to the jury to decide, whether the room, in which the playing took place, was, in fact, a private apartment, unconnected with the main room, in which the drugs were kept and vended ; and the jury were warranted in the belief that it was not. It is highly improbable that a really private apartment would have been thus resorted to, in the absence of the occupants, by so many persons and for such a purpose. They would scarcely have taken the liberty thus to invade a private apartment, and lock the door after them. The more probable supposition is, that a room thus accessible, and thus freely appropriated, was a place of familiar resort for the purpose of gaming. If so the conviction was right upon the authority of Lockhart v. The State. (10 Tex. 275.)

It was not necessary to prove that the proprietor sold his drugs to all persons generally. The fair presumption is, that those who keep drug stores, sell to all who choose to become their customers. There is no error in the judgment, and it is affirmed.

Judgment affirmed.