## E. R. O'BRIEN *v.* THE STATE.

1. GAMING — INDICTMENT — EVIDENCE. — Indictment that charges the accused with permitting a game of cards to be played in a "public place under his control, to wit: a beer saloon," etc., is not supported by evidence that a game was played in a room over the saloon, but which fails to show any connection of the room with the saloon in its business or public capacity.

2. SAME. — The room in which the game is played must be shown to have the inhibited character.   It is not necessary that it be in the main business room, but it must be auxiliary to, or used in connection with the business of the principal room.

3. SAME — CHARGE OF THE COURT. — The charge should be confined to the kind of place named in the indictment.

APPEAL from the County Court of Hood.   Tried below before the Hon. JAMES HINER, County Judge.

The opinion discloses the case.   The fine imposed by the jury was in the sum of $25.

No brief for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J.   Appellant was charged by indictment with unlawfully permitting certain prohibited games, to wit: games with cards in a public place, to be played in a pub-

lic house under his control, to wit: a certain beer-saloon
in the town of Granberry, in the county and State afore-
said, known as the E. R. O'Brien Lager Beer Saloon, and
then and there occupied and controlled by him, the said
E. R. O'Brien, etc.

The evidence showed that one game of cards was played
up-stairs, over the saloon. There was no connection be-
tween the lower room and the one up-stairs in which the
game was played. The latter was entered by a flight of
steps at the rear end of the building, going up from the
outside, and has no entrance from the inside. The in-
dictment alleges that a game of cards was permitted in a
public place, to wit, a beer saloon. This allegation must
be proved as charged. Proof that the playing was up-
stairs over the saloon will not support the charge, unless
there be some connection shown between the room and
the saloon. If defendant used the room in connection
with his beer saloon, or the business carried on in the
saloon;— if he had sent drinks into the room to the players,
thus using it in connection with, and in aid of his business,
the allegation that it was a beer saloon would be sus-
tained. The learned judge must have fallen into the
opinion of the Supreme Court in *Cole* v. *State*, 9 Texas,
42; *Pierce* v. *State*, 12 Texas, 210; *Redditt* v. *State*, 17
Texas, 610. In these cases it was held that a house for
retailing spirituous liquors included the whole house, from
cellar to garret, regardless of approaches.

These cases have been overruled, and now the room
in which the game is played must be shown to have the
inhibited character. It is not necessary that it is in the
main business room; if it be auxiliary to, or used in con-
nection with the business of the principal room, this will
suffice. *Holzclaw* v. *State*, 26 Texas, 682; *Horan* v. *State*,
24 Texas, 161.

The charge of the court included all of the inhibited
houses and places, or nearly so. We would respectfully

suggest that the charge of the court be confined to the place or house named in the indictment. The State may have proven that the defendant permitted cards to be played at every other place or house enumerated in the Code, or which comes under the character of a public place, except the one charged in the indictment, and still a conviction would not be legal. This defendant is charged with permitting cards to be played in a beer saloon. This allegation must be proven. Proof that the room in which the game was played was a public room or place, or that it was commonly resorted to for gaming, or that it was a gambling house, etc., will not tend to support the charge.

The verdict having no support in the evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*