No. 2796.

J. W. COMER *v.* THE STATE.

1. PLAYING CARDS IN A PUBLIC PLACE—INDICTMENT.—It is a well established rule of pleading that "if several offenses are embraced in the same general definition, and are punishable in the same manner, they are not distinct offenses, and may be charged in the same count of the indictment." The indictment in this case charged that the accused unlawfully played a game of cards at a "tavern and inn, and in a room in and attached to said tavern and inn." *Held* sufficient, and not obnoxious to the objection that it is uncertain and duplicitous.

2. SAME—PUBLIC PLACE—TAVERN AND INN.—Article 355 of the Penal Code, which prohibits the playing of cards in a public place, expressly enumerates taverns and inns as such public places, but declares that "a private room in an inn or tavern does not come within the definition of public place, unless such room be commonly used for gaming."

3. SAME—DEFINITIONS—FACT CASE.—In statutory parlance, an inn, tavern or hotel means a place for the general entertainment and lodging of all travelers and strangers who apply, paying suitable compensation. A hotel "guest" is one who lives at board or lodging in a hired room, and "lodging" is a place of rest for a night, or a residence for a time—

a temporary habitation. An unappropriated guest room in an inn, tavern or hotel, is a public place, even as to one who, as a guest, occupies another or other rooms in the said inn, tavern or hotel. See the statement of the case for evidence *held* sufficient to support a conviction for playing cards in a public place.

4. SAME—CHARGE OF THE COURT IN MISDEMEANOR CASES.—Errors in the charge of the court in misdemeanor cases, unless fundamental, will not be revised on appeal, in the absence of exception or requested instructions.

APPEAL from the County Court of Cherokee. Tried below before the Hon. M. J. Whitman, County Judge.

This conviction was for playing cards in a public place, and the penalty assessed was a fine of ten dollars.

W. T. Guinn was the first witness for the State. He testified that in 1887, he lived in the town of Rusk, Cherokee county, Texas, and for a time acted as a clerk of his brother, P. P. Guinn, who was the proprietor of the tavern or inn known as the Hotel Comer, which said tavern was conducted in the brick building owned by the defendant and T. L. Fairris. During the said year the said P. P. Guinn had charge and control of the said building, except the parts of it occupied by the defendant and Fairris and their families, and he ran it as a tavern, inn or hotel. During the said year 1887, the witness frequently saw the defendant and other parties play games of cards in different rooms of the said hotel. He could not now specify the particular rooms in which he saw the said games of cards played by the defendant and others, nor could he say that he ever saw the same room occupied for the purpose of card playing more than once. The card playing by defendant and others which the witness saw was generally done in the bed rooms of the hotel, which, for the time being, were not occupied or set apart to guests. During the service of the witness as clerk of the said hotel, the rooms of the same which were held as guest rooms for the accommodation of the public were under his care and control, and it was his custom, when applied to by parties desiring to play cards, to assign them to a room not then occupied by guests. Such parties would generally retire to said room, close and lock the door, and would, for the time of the playing of the cards, occupy it to the exclusion of everybody else. The defendant was frequently one of the parties who would secure and occupy a room in such manner.

Cross examined, the witness said that the ground floor of the said hotel building consisted of the hotel office, the dining room, a barber shop, a sample room and some store rooms. He never saw any card playing by defendant or anybody else in any of the apartments on the said ground floor, nor elsewhere in the said building than in unoccupied guest rooms, as before stated. He knew of no room in the said building that was commonly used for the purpose of gaming. As a rule, those who occupied the different rooms for the purpose of playing cards paid the witness for the use of the same.

John Riley testified, for the State, that he knew the defendant, and was familiar with the location of the Hotel Comer in Rusk, Cherokee county, Texas. He several times saw the defendant and other parties play games at cards in the sleeping rooms of the said hotel, during the year 1887. He was not able to say that he ever saw more than one game played in the same room, nor did he know who controlled the said rooms at the times of such games. During the playing of the games, the doors of the rooms were locked, and no person from the outside was admitted.

The State closed.

E. T. Derrough was the first witness for the defendant. He testified that he had seen the defendant play cards in the bed rooms of the Hotel Comer during the year 1887, but never saw him play twice in the same room. Witness knew of no room about that hotel which was commonly used or resorted to for the purpose of gaming.

T. L. Fairris testified, for the defense, that the Hotel Comer building in Rusk, Texas, was a three story structure, the lower story comprising the hotel office and dining room, Tom Black's saloon, a barber shop and four store rooms. All of the rooms in the building, except the five over Black's saloon which were controlled jointly by witness and defendant, and except the eight rooms in one part of the hotel occupied by the defendant and his family, and nine in another part, occupied by the witness and his family, were under the control of the proprietor of the hotel during the year 1887. Witness knew of no room in that building that was commonly used for the purpose of gaming, nor had he ever seen any cards played about the building except by children in his own rooms. Witness and his family had rooms in the said building, but did not board at the hotel. Defendant and his family had rooms in said building, and their

meals were served in their private dining room by the proprietor of the hotel.

*John M. Duncan*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. It was charged in the indictment that the unlawful playing at a game with cards was at "a tavern or inn," and again that it was done "in a room in and attached to said tavern and inn." The conjunctive "and" was used to connect the two offenses. If several offenses are embraced in the same general definition, and are punishable in the same manner, they are not distinct offenses and may be charged conjunctively in the same count. (Willson's Crim. Stats., sec., 1989.) This indictment was neither uncertain nor duplicitous, and is in all respects sufficient.

Our statute expressly prohibits playing cards in a public place, and expressly names taverns and inns as public houses which come within the inhibition. (Penal Code, art. 355.) But it is provided by article 356 of the Penal Code that "a private room in an inn or tavern is not within the meaning of public places, unless such room is commonly used for gaming."

It is abundantly established in this case that the playing was done in an inn or tavern, but the contention is that it was done in "a private room," and that the private room in which it took place was not "commonly used for gaming," and that consequently no offense was committed. We may concede that the prosecution failed to show that the room was commonly used for gaming. The evidence was that the card playing was in bed rooms—guest rooms in the tavern or inn. Defendant and others with him would go, with permission of the proprietor, into such rooms when not occupied by guests, "close the door of the room, and the general public were not thereafter admitted, and only those engaged in the game occupied the room for the time the game lasted." "The parties so using the room for a game paid the clerk of the house for use of the room."

Mr. Bishop says: "An inn, tavern or hotel is a place for the general entertainment of all travelers and strangers who apply, paying suitable compensation." (Bish. on Stat. Crimes, second ed., sec. 297.)

Mr. Webster defines "inn" as "a place of shelter, habitation, residence, abode; a house for the lodging and entertainment of

travelers—a tavern," etc., and he defines "tavern" as "a public house where entertainment and accommodation for travelers and other guests are provided." In his definition of the word "guest," in so far as applicable to this case, it is "a lodger at a hotel," and "a lodger" is defined to be "one who lives at board or in a hired room." "Lodging" is "a place of rest for a night, or a residence for a time—temporary habitation."

To make a guest room in a hotel—that is, one appropriated to public use as such—a private room, it must have been taken by a guest or lodger seeking rest for a night or a day, or a residence for a time, or one desiring to use it for a temporary habitation—that is, "a place of abode." Until so appropriated by "a guest," it is a part of the public house known as tavern or inn. The term "public place," as used in our gaming statutes, does not mean a place solely devoted to the public, but it means a place which is in point of fact public as distinguished from private. (Parker v. The State, 26 Texas, 201.) A house may be said to be a public house either in respect to its proprietorship or its occupancy and uses. (Lockhart v. The State, 10 Texas, 275; Shihagan v. The State, 9 Texas, 430.) And so a guest room in a hotel is a part of the public hotel or tavern, in that it is for the use of the public business of the house in the entertainment of its guests, and only becomes private after it is appropriated by a guest.

In the case in hand the evidence, we think, most clearly shows that the room played in was in a tavern; that the parties playing in it only occupied it temporarily for the purpose of gaming, and for no other purpose; that they did not seek it as a place of habitation, residence or rest; that, in so far as the room was concerned, they could not be considered as guests of the hotel who had acquired the use and appropriated it for the usual and ordinary purposes of guests, and that consequently it was not a private room. This may be said with special emphasis in so far as this defendant was concerned, because the facts show that he was a guest of the hotel, having extensive suites of rooms in another part of the building, where he resided with his family, and where, for aught that appears, he might have played cards whenever he desired, without resorting to unoccupied guest rooms in other portions of the building.

No special exceptions were made and reserved by defendant to the charge of the court as given to the jury, and no special

instructions were requested for defendant. This being so, and the case being a misdemeanor, the rule is that even if errors in it should be apparent, unless they are of a fundamental character, they will not be revised by this court. (Haynes v. The State, 2 Texas Ct. App., 84; Veal v. The State, 8 Texas Ct. App., 475.)

We have found no reversible error in the record on this appeal, and the judgment is affirmed.

*Affirmed.*