### JACK JENNINGS TRUCK TIRE CO. v. TEXAS WAREHOUSE & FORWARDING CO.

#### No. 10821.

Court of Civil Appeals of Texas. Dallas.

April 18, 1931.

Hardy & Isett, of Dallas, for appellant.

Ernest V. Becker, of Dallas, for appellee.

### LOONEY, J.

Texas Warehouse & Forwarding Company sued Jack Jennings Truck Tire Company for damages, alleged to have been occasioned by the negligence of defendant in repairing appellee's truck, resulting in the wreck of the motor and other injuries to the truck. The damages claimed were for the cost of necessary repairs, the loss of the use of the truck in the meantime, and its general depreciation in value resulting from the injuries. The appeal is by appellant from a judgment for $410.12, the amount of the cost of repairs to the motor. The jury found appellant guilty of negligence, the proximate cause of the injuries sustained, and that plaintiff was damaged in the sum of $410.12. These findings are, in our opinion, sustained by evidence, and are adopted as our conclusion on these issues.

■ Appellant contends that the findings of the jury and the judgment are not sustained by evidence. The findings were upon conflicting evidence, and we are not at liberty to disregard the verdict; therefore overrule all assignments and propositions that challenge the sufficiency of evidence.

■ Appellant complains that the court failed to give the jury a measure of damages. Defendant neither excepted to the charge, because of this omission, nor was a charge requested to supply the deficiency. The measure of damages is a matter of law for the court and not for the jury, and, while it is the duty of the court, in submitting special issues, to give such explanations as shall be necessary to enable the jury to properly pass upon and render a verdict on the facts, we do not believe advantage can be taken of the failure of the court in this respect, unless, after objection or proper request, the court refuses to give such explanation. See Robertson & Mueller v. Holden (Tex. Com. App.) 1 S.W.(2d) 570. However, in any event, the error of the court in failing to give to the jury the measure of damages was harmless because, in view of the evidence, the jury, under guidance of a correct measure of damages, could not have done otherwise than render a verdict at least equal to, if not larger than, the one rendered.

Contention is further made that the court erred in giving a verbal definition of negligence. No contention is made that the definition was incorrect or that injury resulted to appellant from the charge being given in this manner. While the statute requires charges to be in writing, yet it has been repeatedly held that the giving of a verbal charge is not reversible error, unless injury is shown to have resulted. However, appellant reserved no bill of exception to the action of the court, and therefore is in no position to complain of its action in this respect. See Reid v. Reid, 11 Tex. 593; Boone v. Thompson, 17 Tex. 610, 611; Chapman v. Sneed, 17 Tex. 428, 433; Zarate v. Villareal (Tex. Civ. App.) 155 S. W. 328, 334 and authorities cited. But aside from these considerations, the record not only fails to show that the court gave a verbal definition of negligence to the jury, but refutes the idea. The charge, copied in its entirety, at pages 6, 7, and 8 of the transcript, appears to be complete, orderly in arrangement, and contains, among other things, a correct definition of negligence, not disconnected from but a part of the written charge.

We have carefully examined all assignments and propositions, and, finding no reversible error, the judgment below is affirmed.

Affirmed.