

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 9, 1948

Hon. Bun L. Hutchinson
County Attorney
Bowie County
Texarkana, Texas

Opinion No. V-627

Re: Applicability of Art.
666-4(c)(1) of the
Penal Code, regulat-
ing the consumption
of alcoholic bever-
ages in any public
place, to the estab-
lishment described.

Dear Sir:

Your letter asking for an opinion of this de-
partment contained the following:

"Will you please advise me whether the
following facts constitute a private place,
and if found to be a private place, whether
Article 666-4(c)(1) would be applicable there-
to.

"The owner and operator of a former nite
club in Bowie County, Texas, wherein food and
beverages, including beer, are legally sold
and dancing permitted, now admits only those
with a membership card for the year 1948 paid
in advance. After such members are admitted,
food and beverages, including beer, are pur-
chased by such members, as well as dancing in-
dulged in, however, no cover charge is made
under the present plan. There is no change
of name of the business nor the ownership
thereof. The place is situated outside the
city limits of any city or town in Bowie
County, Texas."

Article 666-4(c)(1), Vernon's Penal Code, pro-
vides as follows:

"It shall be unlawful for any person to
consume any alcoholic beverages in any pub-
lic place, or for any person to possess any

alcoholic beverages in any public place for
the purpose of consuming the same in such
public place, at any time on Sunday between
the hours of 1:15 a.m. and 1:00 p.m., and on
all other days at any time between the hours
of 12:15 a.m. and 7:00 a.m."

It is provided in Section 10 of Article 667,
Vernon's Penal Code, that:

"(a) It shall be unlawful for any per-
son to sell beer or offer same for sale:

"(1) On Sunday at any time between the
hours 1:00 o'clock a.m. and 1:00 o'clock p.m.

"(2) On any day except Sunday at any
time prior to 7:00 o'clock a.m."

Section 10 of Article 667 applies to all
places, public or private. No person shall sell beer
or offer same for sale on Sunday at any time between the
hours of 1:00 a.m. and 1:00 p.m. or on any day except
Sunday at any time prior to 7:00 o'clock a.m.  If beer
is being sold or offered for sale in the place mention-
ed in your opinion request during the hours set out in
the statute, there is clearly a violation of law.

There is no general statute defining the term
"public place" nor is there a statute defining "public
place" in connection with the enforcement of the Liquor
Control Act.  Whether a place is a "public place" when
not designated as such by statute is a question of fact
or a mixed question of law and fact for the determination
of a jury under proper instructions from the court.  Par-
ker v. State, 26 Texas 207; January v. State, 146 S.W.
555.  The definitions of the term "public place" in the
Penal Code are limited to the particular offense or of-
fenses to which they relate.  However, it is reasonable
to assume that the elements within the definitions, as
set out in Articles 454(b) and 475 of the Penal Code,
are the ones that the Legislature intended should be ap-
plied in the determination of the question of whether
a particular place is a "public place".  Article 454(b)
of the Penal Code provides, in part, as follows:

"Any public place . . . is . . . any
place at which people are assembled or to
which people commonly resort for the pur-

pose of business, amusement or other law-
ful purposes, . . ."

If, as a matter of fact, the place here being considered
can be brought within the terms of Article 454(b), we
are of the opinion that it is a "public place".

We are not given any facts that would indicate
that the place is not a "public place". We are of the
opinion that the fact that only persons with a member-
ship card are admitted into the place is not decisive.
In holding that a particular place was a "public house"
under our gaming laws, it was said in Lockhart v. State,
10 Texas 275, that:

". . . to sustain the charge in the in-
dictment it was not necessary to prove, on
the part of the State, that every person who
desired had access to the room: proof that
any given number of persons were permitted
habitually to play there would be sufficient."

It is our opinion that the same rule would apply in the
present instance. If the place here under consideration
is as a matter of fact a public place, it remains such
a place regardless of the method used in allowing patrons
to come into the place. Clearly, a club which is not a
bona fide organization but is a subterfuge or device to
evade the law will furnish no protection to any person.

### SUMMARY

It is a violation of law (Section 10
Article 667 of the Penal Code) for any per-
son, in any place, public or private, to
sell beer or offer same for sale, on Sunday
at any time between the hours of 1:00 a.m.
and 1:00 p.m. or on any day except Sunday
at any time prior to 7:00 o'clock a.m.

Whether the place described in the
letter of inquiry is a "public place" with-
in the meaning of Article 666-4(c)(1), V.
P. C., is a question of fact or a mixed

question of law and fact for the deter-
mination of a jury under proper instruc-
tions from the court.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

CBK:mw

By _Clyde B. Kennelly_
Clyde B. Kennelly
Assistant

APPROVED:

_Price Daniel_
ATTORNEY GENERAL