The State v. Lee.

THE STATE v. JOSEPH LEE.

Where the indictment alleged that the defendant was duly elected overseer of road Precinct No. 1, of a certain road leading from Austin by certain places to the county line, and took upon himself the discharge of his duties as such, and then charged that he had failed to keep the roads, bridges and causeways, within his said Precinct, clear and in good order, it was held that the offence was sufficiently charged to have been committed within Travis county.

Appeal from Travis. Indictment, as overseer of roads, for failure to perform his duty. The indictment alleged that the defendant was duly elected overseer of Road Precinct No. One, of a certain road leading from Austin by certain places to the county line, and took upon himself the discharge of his duties as such, and then charged that he had failed to keep the roads, bridges and causeways, within his said Precint, clear and in good order. The defendant moved to quash "for want of any or sufficient averment charging the offence within Travis county." Motion sustained.

*Attorney General*, for appellant.

WHEELER, J. No omission of any material averment in an indictment can be supplied by intendment. But we do not think it material that there should have been a distinct and direct averment that the road referred to was in the county. The indictment avers the happening of the several derelictions of duty with which the defendant is charged, and which constitute the offence charged, in the county; and so the offence is charged to have been committed in the county, it is sufficient. It is not perceived that there is any more necessity of a distinct averment that the road was in the county in this

case, than, in the case of an indictment for an assault, that the party assaulted was in the county. The party it is true, in the one case could not be guilty of the offence, unless the road was situated in the county ; nor, in the other, could he be guilty of the assault unless the person assaulted was in the county ; but it was never supposed necessary that the indictment should contain a distinct averment of that fact. Moreover, as observed by the Attorney General, the road is described in the indictment as leading from Austin; and it would seem that more could not be necessary to advise the District Court of Travis county that it was in that county. We are of opinion that the Court erred in quashing the indictment, and that the judgment be reversed and the case remanded.

Reversed and remanded.