### DICK HOWELL v. THE STATE.

*No. 7437.    Decided June 10.*

1. **Indictment.**—In a prosecution against an overseer of a road it is not material that the indictment should contain a distinct and direct averment that the road mentioned in the indictment is in the county of the prosecution. It is sufficient if the allegations show that the derelictions of duty constituting the offense occurred in the county of the prosecution.

2. **Same.**—Where the indictment is under article 409 of the Penal Code it is not necessary to allege that the road remained out of repair and uncleared of obstructions for twenty days at one time. It is sufficient to allege that the overseer did willfully fail, neglect, and refuse to keep the road and bridges and causeways thereon clear of obstructions and in good repair.

3. **Same.**—Where several offenses are embraced in the same general definition, and are punishable in the same manner, they are not distinct offenses and may be charged conjunctively in the same count, or they may be charged in separate counts.

4. **Allegation and Proof.**—Where one of several modes of committing an offense is alleged the prosecution can prove no other, but must prove the case as alleged.

5. **Verdict Against the Evidence.** — See the opinion for evidence which shows that the defendant did not willfully fail, neglect, or refuse to perform his duties as overseer of a road.

APPEAL from the County Court of Falls. Tried below before Hon. S. R. Scott, County Judge.

The opinion sufficiently states the case.

*J. W. Gameson, B. H. Rice* and *Z. Bartlett*, for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The indictment alleges that appellant, late of the county of Falls, "on the first day of October, A. D. eighteen

hundred and ninety, in the county and State aforesaid, was the duly appointed overseer of a public road then and there situate, to-wit: Section 2, road precinct No. 3, beginning at the gate on south side of Dr. Wm. Kellebrew's pasture, thence to McLennan County line, and the said Dick Howell did then and there, as such overseer, willfully fail, neglect, and refuse to keep the said road and the bridges and causeways thereon, in his said precinct and district, clear of obstructions and in good repair."

It is objected to this indictment, on a motion to quash, that it does not appear that an offense was committed by appellant, it does not appear affirmatively that the road spoken of is in Falls County, nor that the road remained obstructed and out of repair for twenty days at one time. It is not material that the indictment should contain a distinct and direct averment that the road referred to was in the county of Falls. "The indictment avers the happening of the several derelictions of duty with which the defendant is charged, and which constitutes the offense charged, in the county, and, so the offense is charged to have been committed in the county, it is sufficient." The State v. Lee, 15 Texas, 252. But we think that the indictment does charge that the road was in Falls County and was section 2 of road precinct No. 3 in said county.

Appellant was indicted under the second clause of article 409 of the Penal Code, and under this portion of the statute it was not necessary to allege that the road remained out of repair and uncleared of obstructions for twenty days at one time. By the terms of the statute there are various ways of violating its provisions. The pleader may base the indictment or information upon any phase of it, and if sufficiently pleaded will not be subject to demurrer. It is not requisite that the entire statute should be placed in the indictment, nor that every phase of it should be declared upon. If several offenses are embraced in the same general definition, and are punishable in the same manner, they are not distinct offenses, and may be charged conjunctively in the same count, or they may be charged in the same indictment in separate counts. It is not necessary, however, this should be done. Where one of the modes has been selected and declared upon, the prosecution can prove no other, but will be compelled to prove the case as alleged. The indictment is not subject to the criticisms urged against it.

Appellant contends that the testimony is not sufficient to sustain the conviction and that it fails to show any willful dereliction on his part. We think he is correct in both positions. So far as we are able to understand the facts of the case, the appellant sought the road with the view of working it, but was wholly unable to find it. Some of the witnesses testified that it was impossible to ascertain the whereabouts of the road by resorting to the field notes laying out said road; that it was impossible to locate the road by virtue of said field notes. Some

of the witnesses had lived on and near the road since 1850, and they testified to their ignorance of its whereabouts. Its locality was often changed. When the owner of land over which it ran saw proper to do so he would build his fences across it and thus throw it over on the land of his neighbor, unless his neighbor's land was already inclosed, and in the latter event the road became closed altogether. Everybody did this, until the identity of the road was lost among hills, hollows, gullies, and farms and fences, or was closed up entirely and ceased to be traveled. Oaks, a witness for the State, testified that he had known it for forty years. When he first knew it, "in 1850 and for several years thereafter it crossed the Brazos River at Rock Dam and went up on the west side of the river, but that this road had been gradually changed by the different land owners along the same fencing their respective tracts until the present time, and it has been so changed that it now runs up the east side of the Brazos River and some four or five miles east from where it originally ran; that the road as it now runs would not strike the old road except to occasionally cross the same, and to follow on the old road would be impossible on account of the farms and fences inclosing them." The orders of the Commissioners Court throw little or no light upon the locality of the road. Periodically juries of view were appointed to lay out and establish this road, or take some action in connection therewith. These juries would report at recurring intervals, and as a rule their reports were rejected. In fact the record shows a very remarkable history of a very remarkable road. Few roads can boast of such changes and such a history as this one. In its mutations it has traveled about five miles, it has crossed the largest river on the geographical surface of this State, it has traveled east five miles to its present want of locality and identity, and has succeeded in mystifying the people living along its line as to its locality, defied the Commissioners Court to locate its whereabouts, baffled the road overseer in his pursuit of it, and has finally succeeded in becoming lost in obscurity to the traveling public. Appellant sought this road, inquired about it, searched for it, but utterly failed to find it. Not only so, but he was met on every hand with threats of prosecution if he undertook to work through the inclosures or remove the fences from where he supposed the road to be, and not only was he told he would be prosecuted, but furthermore that the hands "should not work on the road, because it was no road." With a tinge of sadness the witness said the "defendant then went away" and "did not work the road." His reflections could not have been very comforting to himself, for turn which way he would prosecution faced him. If he removed the fences the owners threatened him with prosecution; if he failed to remove them the State would demand his punishment, and in no event could he find the road from which to remove the obstructions.

'' The facts do not show a willful failure of duty, if in fact it shows a failure thereof, on the part of appellant. . Moreover, as presented to us the record shows the conviction to be against the testimony. The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.