Opinion delivered June 18, 1887.

---

No. 5097.

## B. F. DAVIS *v.* THE STATE.

1. REINSTATEMENT OF APPEAL—PRACTICE IN THIS COURT.—At the last term of this court the appeal in this case was dismissed because the record failed to show notice of appeal in the court below. The *certiorari* to perfect the record, subsequently awarded, discloses that, in fact, notice of appeal was given in the court below. *Held*, sufficient to reinstate the appeal in this court.

2. PLEADING—INDICTMENT.—When a statute makes it an offense to do one *or* another of several things, the several things may be charged together, but his must be done conjunctively, using *and* instead of the word *or*

used in the statute. If the word *or* be used in such case, it renders the indictment uncertain. The indictment in this case charging that the pistol was carried "on *or* about the person," etc., is substantially defective.

Appeal from the County Court of Runnels. Tried below before the Hon. C. H. Willingham, County Judge.

The opinion states the nature of the case. The penalty assessed was a fine of twenty-five dollars.

*C. O. Harris,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

Willson, Judge. At the last term of this court at this place, this appeal was dismissed because the record failed to show that notice of appeal had been given, and entered upon the minutes of the court below. Appellant, thereafter, at the same term, filed a motion to reinstate the cause, alleging that notice of appeal had in fact been given and entered, and praying for a certiorari to perfect the record. His motion for certiorari was granted, and his motion for rehearing was continued to the present term. In response to the certiorari, a perfected record has been filed, which shows that notice of appeal was given, and was duly entered upon the minutes of the court below; wherefore the judgment dismissing the appeal is set aside, and the cause is reinstated upon the docket, and we will now dispose of it upon its merits.

It is alleged in the indictment that appellant "did unlawfully carry on *or* about his person a pistol." His counsel insist that the disjunctive allegation is bad; that it renders the indictment uncertain; that, instead of the word *or,* the word *and* should have been used; and upon this supposed defect a motion in arrest of judgment was made which was overruled. We are of the opinion that the indictment, in the particular named, is substantially defective, and that the court erred in overruling the motion in arrest of judgment.

When a statute makes it an offense to do one *or* another of several things, the several things may be charged together, but this must be done conjunctively, using *and* instead of the word *or* used in the statute. If the word *or* be used in such case, it renders the indictment uncertain. (Phillips v. The State, 29

Texas, 226; Lancaster v. The State, 43 Texas, 519; Hart v. The State, 2 Texas Ct. App., 39; Tompkins v. The State, 4 Id., 161; Berliner v. The State, 6 Id., 181.)

Because the indictment is defective in substance, the judgment is reversed and the prosecution is dismissed.