## A. W. WILLIS v. THE STATE.

*No. 504.   Decided February 27.*

1. **Indictment—Counts—Offenses Committed by Different Modes.**—Where several ways are set forth in the same statute by which an offense may be committed, and are all embraced in the same general definition and made punishable in the same manner, they are not distinct offenses, and may be charged conjunctively in the same count.

2. **Disorderly House—Ownership of—Wife's Separate Property.**—Where it was contended that appellant was not the owner of the house in question, because the property was purchased with the separate means of his wife, and deed taken in her name, *Held*, the contention is not well taken, since the law places the husband in the control and management of his wife's separate property.

3. **Same—Defensive Matter—Instruction to Jury.**—Where, on a prosecution for keeping a disorderly house, it was shown that all that defendant did to prevent his house from being kept as a disorderly house was to request in writing the tenant to vacate the premises, *Held*, this was not in compliance with the terms of article 341 of the Penal Code, and the court was not required to instruct the jury in regard to any defensive matter suggested in said article, where defendant did not by his proof bring himself within the purview of the statute.

APPEAL from the County Court of Ellis.   Tried below before Hon. B. M. DANIEL, County Judge.

Appellant was convicted of keeping a disorderly house, and his punishment assessed at a fine of $200.

No statement necessary.

*M. B. Templeton*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted for keeping a disorderly house, by permitting same to be so kept. The indictment charges, that defendant kept and knowingly permitted his house to be kept as a disorderly house.

Motion in arrest of judgment was urged, because these allegations are repugnant, inconsistent, and duplicitous. The indictment is valid, and the grounds are not well taken. Both modes of committing this offense are set forth in the same statute, with the same punishment prescribed. Where several ways are set forth by which an offense may be committed, and are embraced in the same general definition, and are punishable in the same manner, they are not distinct offenses, and may be charged conjunctively in the same count. For collated authorities, see Willson's Criminal Procedure, section 1989.

It is contended, that appellant was not the owner of the house in question, because the property was purchased with the separate means or money of the wife, the deed being taken in her name. This is not well taken. The law places the husband in the control and management of his wife's separate property. The evidence in this case shows that he was in control of and managed the house in question.

All that defendant did to prevent his house from being kept as a disorderly house was to request, in writing, his tenant to vacate the premises. This was not a compliance with the terms of article 341 of the Penal Code, and the court should not have instructed the jury in regard to any defensive matter suggested in said article. The only issue legitimately presented by the evidence in this case was, did the appellant know that his house was being kept as a disorderly one. If he did, he was guilty of keeping a disorderly house. Penal Code, art. 341.

Having knowledge that his house was so kept, he could only defend under the provisions prescribed under terms set forth in the latter portion of said article. These are defensive matters, and must be proved by the testimony. The State is not bound to negative these by averments or proof. The special charges were therefore properly refused.

The evidence fully sustains the conviction, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.