### SIM BROWN v. THE STATE.

#### No. 1412.   Decided February 2, 1898.

**1.   Sunday Law—Keeping Saloon Open and Selling.**

Penal Code, article 199, prohibits any trader, in any business whatsoever, or his agent or employe, from selling or keeping his place of business open on Sunday for the purpose of traffic. Held, a party is guilty, under the statute, if he sells on Sunday, or if he opened his place of business for purpose of traffic on Sunday, whether he made any sales or not.

**2.   Same—Evidence of Other Sales.**

On a trial for unlawfully selling and keeping open a saloon on Sunday for the purpose of selling liquor, evidence of other sales than that charged is competent to establish the fact that the saloon was open for the purpose of engaging in the business.

**3.   Same—Indictment or Information—Counts—Election.**

An indictment or information for selling or keeping open a place of business for traffic on Sunday may charge both modes of violation, and it is not necessary that they should be set out in different counts, nor is the State bound to elect upon which count or allegation it will proceed—the offenses being misdemeanors.

**4.   Defendant as a Witness—Cross-examination.**

When a defendant takes the stand as a witness, he becomes a witness for all purposes, and his cross-examination is not confined to matters elicited on his examination in chief.

**5.   Indictment—Duplicity.**

Duplicity consists in alleging in one count separate and distinct felonies; the rule never applies to allegations of the different phases of the same misdemeanor.

**6.   Unwilling Witness—Leading Questions.**

Where a witness appears to be, or is, an unwilling witness, it is competent and legitimate to ask him leading questions.

APPEAL from the County Court of Ellis.   Tried below before Hon. J. C. SMITH, County Judge.

Appeal from a conviction for a violation of the Sunday law; penalty, a fine of $20.

The indictment charged appellant, an agent and employe of one N. O. Rhodes, with both selling and keeping open a saloon for the purpose of traffic and sale of liquor on Sunday.   Defendant's motion to quash the indictment for duplicity was overruled.

The opinion contains a sufficient statement of the case.

*Tom Whipple,* for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Article 199, Penal Code 1895, provides: "Any merchant, grocer, or dealer in wares or merchandise, or trader in any business whatsoever, or the proprietor of any place of public amusement, or the agent or employe of any such person, who shall sell, barter, or permit his place of business or place of public amusement to be open for the purpose of traffic or public amusement on Sunday, shall be fined not less than twenty nor more than fifty dollars," etc. Appellant was charged as agent and employe of N. O. Rhodes, who was conducting a saloon business, with unlawfully and willfully keeping open and permitting his store and place of business to be open for the purpose of traffic and sale on Sunday, and also charged with making a sale on Sunday to W. A. Sadler. Now, if appellant sold (being engaged in this business), as the agent of Rhodes to W. A. Sadler, certain goods, wares, and merchandise on Sunday, he violated the law. If he opened or permitted the saloon to be opened for the purpose of traffic and sale on Sunday, he would be guilty of violating this statute, with or without sale. The proof is unquestioned that the saloon was open on Sunday, and sales of beer and whisky were made to other parties besides Sadler. Concede for the argument that the jury may not have believed Sadler when he swore that he bought whisky, or that a sale was made to him; yet it can not be questioned, when all of the facts are taken together, that the saloon was open for the purpose of business on Sunday. All of the testimony in relation to sales to other people of beer and whisky introduced on the trial of this case was competent to establish the fact that the house was open on Sunday for the purpose of engaging in the business. This is a misdemeanor; and the indictment contains two allegations, either of which, if found true, establishes an offense. The State was not bound to elect upon which count to proceed, because the statute provides that, if he is proved guilty of either, he could be legally convicted; and it was not necessary for the different state of facts to be set forth in separate counts.

The instructions requested by appellant were properly refused by the court. Those requested which had any application to the case had already been given in the main charge; and that pertaining to the testimony of the defendant requested by appellant was properly refused. When the defendant takes the stand, he becomes a witness for all purposes. The State is not confined in its cross-examination to matters elicited in chief. This is well settled. The indictment in this case is not duplicitous. Duplicity consists in alleging, in one count, separate and distinct felonies; but the rule can never apply when it simply alleges different phases of the same misdemeanor. The witness Stinson was properly led by the district attorney in his examination, for he seemed to have been an unwilling witness for the State; and there was no error in this regard.

We have examined the record closely, and finding no errors for which the judgment should be reversed, it is accordingly affirmed.

*Affirmed.*

[NOTE.—Appellant's motion for rehearing was overruled without a written opinion.—Reporter.]

