## GOODWIN v. STATE.

(Court of Criminal Appeals of Texas.   June 4, 1913.)

1. CRIMINAL LAW (§ 42*)—DEFENSES—AGREEMENT FOR IMMUNITY.

The state was not bound by its agreement to dismiss the prosecution against accused if she would testify against her codefendant, where she refused to so testify on the trial of her codefendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 45–48; Dec. Dig. § 42.*]

2. ADULTERY (§ 14*) — OFFENSES — ALLEGATIONS—MARRIAGE.

Pen. Code 1911, art. 490, defines adultery as the living together and carnal intercourse with each other of a man and woman, when either is lawfully married to some other person, and article 492 provides that, when the offense is committed, both parties are guilty, although only one of them may be married. Held, that it was sufficient in a prosecution of the woman to prove that the man was at the time married to another person then living, without proving that accused was then married, so that an allegation that she was could be rejected as surplusage.

[Ed. Note.—For other cases, see Adultery, Cent. Dig. §§ 27, 31, 32; Dec. Dig. § 14.*

For other definitions, see Words and Phrases, vol. 1, pp. 212–214.]

3. INDICTMENT AND INFORMATION (§ 125*)—ALLEGATIONS—DISTINCT OFFENSES.

Where a statute provides several ways in which an offense may be committed, and all are defined in the same way, and made punishable in the same manner, they may be charged conjunctively in the same count, not being distinct offenses.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 334–400; Dec. Dig. § 125.*]

4. INDICTMENT AND INFORMATION (§ 119*)—MATTERS TO BE PROVED—SURPLUSAGE.

Unnecessary allegations may be rejected as surplusage, and allegations which are not essential to the offense, and may be omitted without affecting the charge, may be disregarded as surplusage.

[Ed. Note.—For other cases, see Indictment and Information, Cent. Dig. §§ 311–314; Dec. Dig. § 119.*]

5. GRAND JURY (§ 41*) — EVIDENCE — TESTIMONY BEFORE GRAND JURY.

The members of the grand jury which indicted accused and her codefendant could testify as to what accused testified before the grand jury.

[Ed. Note.—For other cases, see Grand Jury, Cent. Dig. §§ 86, 87; Dec. Dig. § 41.*]

6. CRIMINAL LAW (§ 1037*)—APPEAL—PRESENTATION BELOW.

Alleged improper argument by the county attorney will not be considered on appeal in a prosecution for adultery, where accused requested no written charge directing the jury to disregard such argument.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1691, 2645; Dec. Dig. § 1037.*]

Appeal from Rains County Court; O. H. Rodes, Judge.

Georgia Goodwin was convicted of adultery, and she appeals. Affirmed.

J. W. Humphrey, of Point, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. From a conviction of appellant of adultery and a fine of $100 imposed she appeals.

The evidence was sufficient to sustain the conviction. Some time before the prosecution the grand jury indicted appellant and one R. P. Butler jointly for living in adultery. Prior to Butler's trial, appellant made a trade with the prosecuting officer that, if he would dismiss said case against her, she would testify fully on the trial of Butler. The state thereupon and before Butler's trial dismissed the case against her. When Butler was tried, "she went back" on her agreement, and refused to testify against him fully. Notwithstanding this, Butler was convicted. The state thereupon instituted this prosecution against her by complaint and information. She contends that the state was bound by its said agreement, and she could not thereafter be prosecuted. She made a motion to this effect, which the court overruled. In allowing appellant's bill to the overruling of her motion, the court qualified it by stating: "When Mrs. Goodwin was placed on witness stand in the Butler case, she claimed her privilege and refused to testify to any fact except that she was married to ―― Goodwin, and she understood he was then living. I overruled

this motion because she refused to testify in the Butler case."

[1] If she had carried out her agreement with the state and testified fully as she agreed on the trial of Butler, then the state would have been bound by said agreement, and could not thereafter have prosecuted her. But certainly the state was not bound by its agreement unless she carried out her agreement with it. As shown above, she refused so to do. This question was raised by appellant several ways. The court committed no error on this point.

[2] The appellant contends, and raised the question in the lower court in different ways, that this conviction cannot stand because the state did not prove that appellant was lawfully married to another person then living. The state did not prove that she was married to another person then living, but did prove that said Butler was married to another person then living. In other words, appellant's contention is that under the allegations in said complaint the state had to prove that not only Butler was lawfully married to another person then living, but also had to prove that appellant was lawfully married to another person then living in order to sustain the conviction. Our statute making adultery an offense (P. C. art. 490) is: "Adultery is the living together and carnal intercourse with each other * * * of a man and woman when either is lawfully married to some other person." Article 492, on the same subject, is: "When the offense of adultery has been committed, both parties are guilty, although only one of them may be married." The information after the necessary formal allegations alleges that appellant on or about November 10, 1910, in Rains county, "did then and there unlawfully live together and have carnal intercourse with one R. P. Butler, the said R. P. Butler being then and there lawfully married to another person then living (and the said Georgia Goodwin being then and there lawfully married to another person then living), against the peace and dignity of the state."

[3] Judge White, in section 405, p. 297, in his Annotated C. C. P., collates some of the authorities, and therein lays down therefrom the correct rule as follows: "Where several ways are set forth in the same statute by which an offense may be committed, and all are embraced in the same definition and made punishable in the same manner, they are not distinct offenses, and they may be charged conjunctively in the same count." See Phillips v. State, 29 Tex. 233; Lancaster v. State, 43 Tex. 519; Berliner v. State, 6 Tex. App. 182; Copping v. State, 7 Tex. App. 61; Day v. State, 14 Tex. App. 26; Nicholas v. State, 23 Tex. App. 317, 5 S. W. 239; Davis v. State, 23 Tex. App. 637, 5 S. W. 149; Comer v. State, 26 Tex. App. 509, 10 S. W. 106; Howell v. State, 29 Tex. App. 592, 16 S. W. 533; Laroe v. State, 30 Tex. App. 374, 17 S. W. 934; Willis v. State, 34 Tex. Cr. R. 148, 29 S. W. 787; Brown v. State, 38 Tex. Cr. R. 597, 44 S. W. 176; Moore v. State, 37 Tex. Cr. R. 552, 40 S. W. 287; State v. Smith, 24 Tex. 285; State v. Edmondson, 43 Tex. 162. See, also, section 383, p. 286, White's C. C. P. Mr. Bishop, in volume 1, § 434, of his New Criminal Procedure, says: "Some single offenses are of a nature to be committed by many means, or in one or another of several varying ways. Thereupon a count is not double which charges as many means as the pleader chooses, if not repugnant; and, at the trial, it will be established by proof of its commission by any one of them." Again, in section 436, he says: "A statute often makes punishable the doing of one thing, or another, or another, sometimes thus specifying a considerable number of things. Then by proper and ordinary construction a person who in one transaction does all violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege in a single count that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction 'and' where the statute has 'or,' and it will not be double, and it will be established at the trial by proof of any one of them." As shown above by our adultery statute on this point, the other requisites being shown, adultery is committed in either one of three ways: First, when the man is lawfully married to some other person; second, when the woman is lawfully married to some other person; and third, when both are married to some other person—that is, the man to another woman and the woman to another man. And, as the statute states, "both parties are guilty, although only one of them may be married." And, as shown by the authorities above cited, the state will have made its case when it "be established at the trial by proof of any one of them."

[4] Again, it is elementary in this state that unnecessary words in an indictment may and should be rejected as surplusage, and that redundant allegations and allegations which are in no manner necessary to a description of an offense, and which are not essential to constitute the offense, and which can be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as mere surplusage, and may be entirely disregarded as part of the indictment. Mayo v. State, 7 Tex. App. 342; Gordon v. State, 2 Tex. App. 154; Burke v. State, 5 Tex. App. 74; Hampton v. State, 5 Tex. App. 463; Smith v. State, 7 Tex. App. 382; Rivers v. State, 10 Tex. App. 177; Gibson v. State, 17 Tex. App. 574; Holden v. State, 18 Tex. App. 91; Moore v. State, 20 Tex. App. 275; McConnell v. State, 22 Tex. App. 354, 3 S. W. 699, 58 Am. Rep. 647; Osborne v. State, 24 Tex. App. 398, 6 S. W. 536; Cudd v. State, 28 Tex. App. 124, 12 S. W. 1010; Wat-

son v. State, 28 Tex. App. 34, 12 S. W. 404; McLaurine v. State, 28 Tex. App. 530, 13 S. W. 992; Finney v. State, 29 Tex. App. 184, 15 S. W. 175; Hammons v. State, 29 Tex. App. 445, 16 S. W. 99; Taylor v. State, 29 Tex. App. 466, 16 S. W. 302; Waters v. State, 30 Tex. App. 284, 17 S. W. 411; McDaniel v. State, 32 Tex. Cr. R. 16, 21 S. W. 684, 23 S. W. 989; Loggins v. State, 32 Tex. Cr. R. 358, 24 S. W. 408; Lassiter v. State, 35 Tex. Cr. R. 540, 34 S. W. 751; Williams v. State, 35 Tex. Cr. R. 391, 33 S. W. 1080; Webb v. State, 36 Tex. Cr. R. 41, 35 S. W. 380; Mathews v. State, 39 Tex. Cr. R. 553, 47 S. W. 647, 48 S. W. 189; Jordan v. State, 37 Tex. Cr. R. 222, 38 S. W. 780, 39 S. W. 110.

Mr. Branch, in his Texas Crim. Law, § 905, lays down the same rule in two separate paragraphs as follows: "If not descriptive of that which is legally essential to the validity of the complaint, information, or indictment, unnecessary words or allegations may be rejected as surplusage." And: "If, eliminating the surplusage, the indictment so avers the constituent elements of the offense as to apprise defendant of the charge against him and enable him to plead the judgment in bar of another prosecution, it is good in substance under our Code, and therefore sufficiently charges the offense"—citing many of the decisions last above cited and others. It has been uniformly held in this state that, where an indictment charges the theft of several articles, it is unnecessary to prove all, but that proof of any one is sufficient. Robinson v. State, 62 Tex. Cr. R. 646, 138 S. W. 704. Many other cases unnecessary to cite. An indictment which alleges the theft of two horses is met by proof of the theft of only one of them. It is unnecessary to prove the theft of both. Alderson v. State, 2 Tex. App. 10; Edwards v. People, 26 Colo. 541, 59 Pac. 56; Edson v. State, 148 Ind. 283, 47 N. E. 625; 1 Whart. Crim. Ev. § 129. Where a party was indicted for pursuing the occupation of selling intoxicating liquors without having obtained a license and paid the occupation tax therefor, it was alleged that the state tax was $300 and the county tax $150. The statute fixed the penalty at a fine of the amount of both the state and county tax. When the case was tried, the state proved only the state tax and failed to prove any county tax. It was held that proof of the state tax only sustained the charge. Mansfield v. State, 17 Tex. App. 468; Monford v. State, 35 Tex. Cr. R. 239, 33 S. W. 351. In Terry v. State, 62 Tex. Cr. R. 73, 136 S. W. 485, where Terry was charged by indictment with unlawfully mingling strychnine with coffee with the intent to kill two persons, it was held that proof of intent to kill only one was sufficient; that it was unnecessary to prove the intent to kill the two. This was also held in Scott v. State, 46 Tex.

Cr. R. 305, 81 S. W. 950. In Nite v. State, 41 Tex. Cr. R. 342, 54 S. W. 763, it was held that, where the indictment charged the murder of two persons, proof of the killing of one was sufficient to sustain the conviction, and that it was not necessary to prove the killing of the two persons. It is needless to cite other authorities along this line. In this case, notwithstanding the allegations of the information were that both Butler and appellant were married to another, it was necessary only to prove that Butler was married to another to sustain the conviction. It was not necessary to prove that both were married to another.

It is clear, also, from the above that the latter allegation in the information, shown in parenthesis in the quotation above, could, and if necessary should, have been treated as surplusage. The information was complete and amply sufficient without that.

[5] Appellant has a wholly insufficient bill of exception wherein she attempts to complain that the court erred in permitting two witnesses who were members of the grand jury which indicted her and Butler to testify on this trial what she testified before the grand jury at that time. Even if we could consider this bill, such testimony by them was clearly admissible. Mackey v. State, 151 S. W. 802, and cases there cited in the rehearing opinion.

By another bill too meager to require the court to consider it (Conger v. State, 63 Tex. Cr. R. 312, 140 S. W. 1112, and James v. State, 63 Tex. Cr. R. 76, 138 S. W. 612), appellant complains of the argument of the county attorney to the jury.

[6] No written charge was requested by appellant to the jury to disregard this argument. Even if we could consider appellant's bill, it shows no error. Clayton v. State, 149 S. W. 122, 123.

We have not taken up separately each of appellant's points assigning error, but we have considered them all, and they are embraced in what we have said above.

There being no error, the judgment will be affirmed.