## LEE MOONEYHAM v. THE STATE.

### No. 3870. Decided December 22, 1915.

**1.—Vagrancy—Information.**

Where, upon trial of vagrancy, the information followed approved precedent, the same was sufficient. Following Goodwin v. State, 70 Texas Crim. Rep., 600.

**2.—Same—Rule Stated—Pleading—One Count.**

Where several ways are set forth in the same statute by which an offense may be committed, and all are embraced in the same definition and made punishable in the same manner, they are not distinct offenses and they may be charged conjunctively in the same count. Following Phillips v. State, 29 Texas, 226, and other cases.

**3.—Same—Rule Stated—Single Offense—Means Used—Pleading.**

Some single offenses are of a nature to be committed by many means, or in one or another of several varying ways, and a count in an indictment is not duplicitous which charges as many means as the pleader chooses, if not repugnant; and on the trial it will be established by proof of its commission by any one of them, and the pleader may employ the conjunction "and" where the statute has "or."

**4.—Same—Surplusage—Rule Stated.**

Unnecessary words in an indictment should be rejected as surplusage, and allegations which are not descriptive of the offense or essential to constitute the same are treated as mere surplusage or may be entirely disregarded as part of the pleadings. Following Mayo v. State, 7 Texas Crim. App., 342, and other cases. Distinguishing Edwards v. State, 71 Texas Crim. Rep., 405.

**5.—Same—Sufficiency of the Evidence.**

Where, upon a trial of vagrancy, the evidence sustained a conviction, there was no reversible error.

Appeal from the County Court of Wichita. Tried below before the Hon. Harvey Harris.

Appeal from a conviction of vagrancy; penalty, a fine of $100.

The opinion states the case.

*Bernard Martin,* for appellant.—Upon question of insufficiency of the information: Walton v. State, 12 Texas Crim. App., 117; Hunt v.

State, 9 id., 404; Parker v. State, 9 id., 351; Edwards v. State, 71 Texas Crim. Rep., 405, 160 S. W. Rep., 80; De Los Santos v. State, 65 Texas Crim. Rep., 518, 146 S. W. Rep., 919.

*C. C. McDonald,* Assistant Attorney General, and *John Davenport,* Assistant County Attorney, and *T. B. Greenwood.* County Attorney, for the State.

PRENDERGAST, PRESIDING JUDGE.—The information, based upon and following a proper complaint, after the necessary preliminary allegations, among other things, averred:   That appellant on or about August 22, 1915, in Wichita County, Texas, was then and there a vagrant: towit, a person who unlawfully sold vinous, alcoholic, malt, intoxicating and spirituous liquors.

The statute (art. 634, P. C.) is:   The following persons are, and shall be punished as vagrants, viz: (e) persons who unlawfully sell any vinous, alcoholic, malt, intoxicating or spirituous liquors.   Said article of the Code enumerates a large number of other acts which makes a person a vagrant, and the information in the same count also averred appellant committed quite a number of them.   But we have selected above the only one submitted by the court, and which was averred as shown.   It is unnecessary to state any of the others averred or covered by the statute.

None of appellant's contentions claiming the information was fatally defective can be sustained under the well established law of this State applicable herein.   It is unnecessary to discuss his several contentions. They are all embraced and held against him in the authorities cited in Goodwin v. State, 70 Texas Crim. Rep., 70, where the rules applicable herein are stated.   We think it sufficient to quote from that decision, which we do:

"Judge White, in section 405, page 297, in his Annotated Criminal Procedure, collates some of the authorities, and therein lays down therefrom the correct rule, as follows: 'Where several ways are set forth in the same statute by which an offense may be committed, and all are embraced in the same definition and made punishable in the same manner, they are not distinct offenses, and they may be charged conjunctively in the same count.' See Phillips v. State, 29 Texas, 226; Lancaster v. State, 43 Texas, 519; Berliner v. State, 6 Texas Crim. App., 182; Copping v. State, 7 Texas Crim. App., 61; Day v. State, 14 Texas Crim. App., 26; Nicholas v. State, 23 Texas Crim. App., 317, 5 S. W. Rep., 239; Davis v. State, 23 Texas Crim. App., 637, 5 S. W. Rep., 149; Comer v. State, 26 Texas Crim. App., 509, 10 S. W. Rep., 106; Howell v. State, 29 Texas Crim. App., 592, 16 S. W. Rep., 533; Laroe v. State, 30 Texas Crim. App., 374, 17 S. W. Rep., 934; Willis v. State, 34 Texas Crim. Rep., 148, 29 S. W. Rep., 787; Brown v. State, 38 Texas Crim. Rep., 597, 44 S. W. Rep., 176; Moore v. State, 37 Texas Crim. Rep., 552, 40 S. W. Rep., 287; State v. Smith, 24 Texas,

285; State v. Edmondson, 43 Texas, 162. See also sec. 383, p. 286, White's C. C. P.

"Mr. Bishop, in volume 1, section 434, of his New Criminal Procedure, says: 'Some single offenses are of a nature to be committed by many means, or in one or another of several varying ways. Thereupon a count is not double which charges as many means as the pleader chooses, if not repugnant; and, at the trial, it will be established by proof of its commission by any one of them.' Again, in section 436, he says: 'A statute often makes punishable the doing of one thing, or another, sometimes thus specifying a considerable number of things. Then, by proper and ordinary construction, a person who in one transaction does all, violates the statute but once, and incurs only one penalty. Yet he violates it equally by doing one of the things. Therefore the indictment on such a statute may allege, in a single count, that the defendant did as many of the forbidden things as the pleader chooses, employing the conjunction *and* where the statute has "or," and it will not be double, and it will be established at the trial by proof of any one of them.' . . .

"Again, it is elementary in this State that unnecessary words in an indictment may and should be rejected as surplusage, and that redundant allegations, and allegations which are in no manner necessary to a description of an offense, and which are not essential to constitute the offense, and which can be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as mere surplusage and may be entirely disregarded as part of the indictment. Mayo v. State, 7 Texas Crim. App., 342; Gordon v. State, 2 Texas Crim. App., 154; Burke v. State, 5 Texas Crim. App., 74; Hampton v. State, 5 Texas Crim. App., 463; Smith v. State, 7 Texas Crim. App., 382; Rivers v. State, 10 Texas Crim. App., 177; Gibson v. State, 17 Texas Crim. App., 574; Holden v. State, 18 Texas Crim. App., 91; Moore v. State, 20 Texas Crim. App., 275; McConnell v. State, 22 Texas Crim. App., 354, 3 S. W. Rep., 699, 58 Am. Rep., 647; Osborne v. State, 24 Texas Crim. App., 398, 6 S. W. Rep., 536; Cudd v. State, 28 Texas Crim. App., 124, 12 S. W. Rep., 1010; Watson v. State, 28 Texas Crim. App., 34, 12 S. W. Rep., 404; McLaurine v. State, 28 Texas Crim. App., 530, 13 S. W. Rep., 992; Finney v. State, 29 Texas Crim. App., 184, 15 S. W. Rep., 175; Hammons v. State, 29 Texas Crim. App., 445, 16 S. W. Rep., 99; Taylor v. State, 29 Texas Crim. App., 466, 16 S. W. Rep., 302; Waters v. State, 30 Texas Crim. App., 384, 17 S. W. Rep., 411; McDaniel v. State, 32 Texas Crim. Rep., 16, 21 S. W. Rep., 684, 23 S. W. Rep., 989; Loggins v. State, 32 Texas Crim. Rep., 358, 24 S. W. Rep., 408; Lassiter v. State, 35 Texas Crim. Rep., 540, 34 S. W. Rep., 751; Williams v. State, 35 Texas Crim. Rep., 391, 33 S. W. Rep., 1080; Webb v. State, 36 Texas Crim. Rep., 41, 35 S. W. Rep., 380; Mathis v. State, 39 Texas Crim. Rep., 549, 47 S. W. Rep., 647, 48 S. W. Rep., 189; Jordan v. State, 37 Texas Crim. Rep., 222, 38 S. W. Rep., 780, 39 S. W. Rep., 110.

"Mr. Branch, in his Texas Criminal Law, section 905, lays down

the same rule in two separate paragraphs, as follows: 'If not descriptive of that which is legally essential to the validity of the complaint, information or indictment, unnecessary words or allegations may be rejected as surplusage.' And, 'If, eliminating the surplusage, the indictment so avers the constituent elements of the offense as to apprise defendant of the charge against him and enable him to plead the judgment in bar of another prosecution, it is good in substance under our Code and therefore sufficiently charges the offense.' Citing many of the decisions last above cited and others."

The decision in Edwards v. State, 71 Texas Crim. Rep., 405, 160 S. W. Rep., 80, cited and relied upon by appellant, is not in point, as a reading of the opinion and comparison with the statute as to each allegation, will show. Take the first item therein as an example. The allegation held defective was, that the accused was "a vagrant person, in that on said date he was able to work and did not work, and has no property to support him." That allegation must have been made under subdiv. (a) or (b) of art. 634, P. C., but omitted necessary requisites under both or either. (a) is: "Persons known as tramps, wandering or strolling about in idleness, who are able to work and have no property to support them." (b) is: "Persons leading an idle, immoral or profligate life, who have no property to support them, and who are able to work and do not work." If under (a) it omitted to allege that he was a "person known as a tramp, wandering or strolling about in idleness." If under (b), it omitted to allege that he was "a person leading an idle, immoral, or profligate life."

The evidence was amply sufficient to sustain the conviction. The judgment will be affirmed.

*Affirmed.*