### Dick Armendariz v. The State.

No. 4442. Decided April 25, 1917.

**1.—Violation of Sunday Law—Keeping Open Saloon—Charge of Court.**

In the absence of a bill of exceptions or a statement of facts, appellant's complaint of the charge of the court and the admission of evidence can not be considered on appeal.

**2.—Same—Information—Sufficiency of Pleading—Proof.**

Where, upon trial of a violation of article 615, Penal Code, of unlawfully keeping open a saloon on Sunday, the information followed the statute and alleged the several ways by which the offense was committed as set forth in said statute, the same was sufficient, and it was not necessary to prove all the different methods alleged in the information, and a violation of one was sufficient.

Appeal from the County Court of El Paso. Tried below before the Hon. E. B. McClintock.

Appeal from a conviction of a violation of the Sunday law by keeping open a saloon on that day; penalty, a fine of two hundred dollars.

The opinion states the case.

*Weeks & Owen,* for appellant.—On question of insufficiency of information: Mosely v. State, 18 Texas Crim. App., 311; Behrens v. State, 42 Texas Crim. Rep., 629.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of sufficiency of the information: Wilson's Forms, Nos. 121 and 122.

PRENDERGAST, Judge.—Appellant was convicted of unlawfully keeping open a saloon on Sunday and fined $200.

There is no statement of facts nor any bill of exceptions in the record. In his motion for new trial only does he complain of some parts of the court's charge and the introduction of some testimony. These questions only thus attempted to be raised can not be considered in the absence of a bill of exceptions or a statement of facts. Hence, it is unnecessary to here state them. The only question which is raised is the sufficiency of the complaint and information.

The prosecution was under article 615, P. C., as amended by the Act approved March 31, 1913, p. 141, which as to this offense is:

"Every person or firm having a license, who may be engaged in or who may hereafter engage in the sale of intoxicating liquors to be drunk on the premises (in any locality of this State other than where local option is in force) . . . shall close and keep closed their houses and places of business and transact no business therein or therefrom from and after nine thirty o'clock p. m. on Saturday until six o'clock a. m. of the following Monday of each week, and any such person or firm or his or their agent or employee who shall open or keep open, or permit to open or permit to be opened or kept open, any such house or place of business, for the purpose of traffic or who shall sell or barter any intoxicating liquor of any kind, or who shall transact or permit to be transacted therein or therefrom any such business between the hours aforesaid shall be deemed guilty of a misdemeanor, and upon conviction shall be punished by a fine of not less than fifty dollars nor more than two hundred dollars or by imprisonment in the county jail for not more than six months, or by both such fine and imprisonment."

The information is based upon and follows the complaint. After the usual and proper preliminary allegations, the information avers that on or about August 13, 1916, and before the filing thereof, appellant "was then and there the agent of C. E. James, who was then and there a retail liquor dealer, having a license as such and being then and there engaged in the sale of intoxicating liquors to be drunk on the premises, said premises being situated in the City and County of El Paso, Texas, said City and County of El Paso being a locality in this State other than where local option was then and there in force, and did then and there unlawfully between the hours of 9:30 o'clock p. m., Saturday, August 12, 1916, and 6 o'clock a. m., Monday, August 14, 1916, open and permit to be kept open the said place of business for the purpose of traffic, and did then and there barter and sell intoxicating liquors, towit: whisky and beer in quantities of one gallon and less, and did then and there transact and permit to be transacted therein and therefrom such business, against the peace and dignity of the State."

A comparison of this pleading with the said statute shows that it was strictly in accordance therewith and unquestionably sufficient to charge a violation thereof of all the several matters made an offense under the statute and was clearly sufficient. It is well established that where several ways by which an offense may be committed are set forth

in the same statute and they are embraced in the same general definition and are punished in the same manner and to the same extent and not repugnant to each other, they are not distinct offenses but different phases of the same offense and may be charged conjunctively in the same count. 1 Branch's Ann. P. C., sec. 508, p. 262. And in such event it would be unnecessary to prove all of them. Proof of any one would be amply sufficient to sustain a conviction. As there is no statement of facts nor bill of exceptions herein, we must conclusively presume that the State proved a violation of some one or more, if not all, of the phases of the offense prescribed by the statute and alleged.

The judgment is, therefore, affirmed.

*Affirmed.*