## W. R. TODD v. THE STATE.

### No. 5917. Decided February 16, 1921.

### Rehearing denied March 30, 1921.

1.—Intoxicating Liquors—Indictment—Duplicitous Pleading.

Where, upon a trial of a violation of the Dean Liquor Law, the indictment alleged that the defendant did receive, transport, export and deliver and solicit and take orders for and did furnish spirituous, vinous, and intoxicating liquors, etc., a motion to quash on the ground that the indictment was vague and indefinite and failed to particularize the offense charged, and combined in the same count a number of separate and distinct felonies, naming them, should have been sustained, and the prosecution is dismissed.

2.—Same—Rule Stated—Different Offenses—Pleading.

Where offenses are of a distinct nature, neither of them capable of being resolved into the other, it is error to join them in the same count in the indictment, and where in the instant case this was done, the motion to quash should have been sustained. Following Brown v. State, 38 Texas Crim. Rep., 597, and other cases.

3.—Same—Rehearing—Pleading—Statutory Offenses.

When the definition of one offense in the statute embraces several ways in which same may be committed, all punishable alike, these several ways may be charged conjunctively in the same count in the indictment, but where, as in the instant case, three separate and distinct felonies are set out in one count in the indictment, the same is duplicitous, and is bad on moton to quash. Following Ferguson v. State, 80 Texas Crim. Rep., 383, and other cases.

4.—Same—Rule Stated—Duplicitous Pleading—Practice in Trial Court.

While it is decided that an objection to an indictment for duplicity comes too late after conviction, yet none of these decisions have application to the principle involved in the instant case, where the pleader in one count joins three separate and distinct felonies. Overruling Johnson v. State, 75 Texas Crim. Rep., 177.

5.—Same—Statutory Offenses—Indictment.

The contention that to charge in the language of the statutes in the indictment is sufficient, is not always the rule and has no application to the instant case, wherein the pleader attempts to join three separate and distinct offenses in one count.

Appeal from the District Court of McLennan. Tried below before the Honorable Richard I. Munroe.

Appeal from a conviction of a violation of the Dean Liquor Law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Herbert Scharff,* and *John McNamara,* and *Williams & Williams,* for appellant.—Cited Ferguson v. State, 189 S. W. Rep., 271, and cases cited in opinion.

*Frank B. Tirey,* County Attorney, *Frank Fitzpatrick,* Assistant County Attorney, and *C. M. Cureton,* Attorney General, and *Alvin M. Owsley* and *C. L. Stone,* Assistant Attorneys General, for the State.— On question of sufficiency of the indictment: Stevens v. State, 150 S. W. Rep., 944; Johnson v. State, 171 id., 211; Smith v. State, 197 id., 589; Morris v. State, 121 id., 1112; Mooneyham v. State, 181 S. W., 456; Armendariz v. State, 194 id., 826.

LATTIMORE, Judge.—Appellant was convicted in the District Court of McLennan County of a violation of the Dean Liquor Law, and his punishment fixed at one year in the penitentiary.

The conviction was had under the second count in the indictment, the charging part of which was as follows: "W. R. Todd did receive, transport, export and deliver and solicit and take orders for and did furnish spirituous, vinous and intoxicating liquors, etc." A motion to quash this count in the indictment upon the ground that it was vague and indefinite, failed to particularize the offense charged and combined in the same count a number of separate and distinct felonies, naming them, was overruled. We are of opinion that said motion was meritorious. The authorities are not quite clear as to those cases in which offenses of different nature may be charged in the same count, but all of them seem to agree that offenses not involving each other may not be so charged. 2 Wharton Precedent of Indictment and Pleas, page 834, says: "Where offenses are of a distinct nature, neither of them capable of being resolved into the other, it is error to join them in the

same count." In the instant case it must be admitted that each of the things mentioned in the said count, to-wit: transporting, exporting, delivering, soliciting, taking orders for, possessing, furnishing,—are separate felonies, and while some of them may involve some of the others, this is not true of all of them. For instance, possession is involved in most of the others, but clearly, transporting and exporting do not involve soliciting; taking orders for, does not involve exporting; receiving does not involve delivering. In Beaumont v. State, 1 Texas Crim. App., 537, it is held that an indictment which produces confusion and uncertainty as to what offense was really intended to be charged, and in one count of which two distinct offenses are charged, is bad. In Brown v. State, 38 Texas Crim. Rep., 597, this court said, "duplicity consists of alleging in one count separate and distinct felonies." In Ferguson v. State, 80 Texas Crim. Rep., 383, 189 S. W. Rep., 271, Judge Prendergast for this court held an indictment bad in which three separate and distinct felonies were set out in one count. In Vernon's C. C. P., Section 17, under Article 481 occurs this statement, supported by many citations. "Duplicity is the joinder of two or more distinct offenses in one count, and if it be such as to produce confusion and uncertainty as to what was intended to be charged it, would vitiate the indictment." Substantially the same rule is announced in Branch's Anno. Penal Code, Section 506. Applying what has been said to the instant indictment it would appear that transporting is a separate and distinct act as well as felony from soliciting; that exporting is likewise separate and distinct from taking orders for; that receiving intoxicating liquors is a separate and distinct act and felony from delivering same; and that charging one with each and all of these acts in one count would necessarily lead to confusion and uncertainty. One accused of crime is presumed innocent, and one office of an indictment is to apprise him of that which he must meet in court as the charge against him. We do not think he could be so informed by the indictment in the instant case.

Believing the indictment fatally defective, we forego discussion of the other questions raised and for said defect the cause will be reversed and dismissed.

*Dismissed.*

### ON REHEARING.

### March 30, 1921.

LATTIMORE, JUDGE.—In an able motion for rehearing presented by the Hon. Frank B. Tirey, County Attorney of McLennan county, the State advances four propositions. The first is that embraced in Article 476, Vernon's C. C. P., which is, that unless the substantial rights of a defendant are prejudiced, the trial, judgment or other proceedings based on an indictment, shall not be affected by reason of any

defect or imperfection of form, and that the insertion in the indictment of allegations of other offenses presents no error if the trial court in his charge to the jury omits the submission of all such offenses save that one which he thinks supported by the testimony.

To charge a number of separate, distinct felonies in one count in an indictment, is not a matter of form but of substance. The constitutional right to demand the nature and cause of the accusation against a defendant, as set forth in Sec. 10 of the Bill of Rights, guarantees to the accused that the indictment shall state every fact and circumstance necessary to a certain, specific and complete description of the particular offense imputed to him. Harris' Ann. Constitution, Sec. 10, p. 83, and collated authorities. An offense is but one act or omission forbidden by positive law. Art. 53 P. C. Texas. Assuredly there is no certain, specific, complete description of a particular offense in an indictment which in one count names and charges conjunctively against the accused, all those felonies set forth in Sec. 1 of the act in question, which is commonly called the Dean Act. Nor could the fact that the trial court limited the jury's consideration to only one of the felonies so charged, be invoked in aid of, or as minimizing the error of refusing to quash a multifarious or duplicitous indictment. The error of the indictment is material injury before the matter of the charge of the court is reached in the trial. Art. 460 of our C. C. P., is as follows:

"An indictment for any offense against the penal laws of this State shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment; and in no case are the words 'force and arms' or 'contrary to the form of the statute' necessary."

From the indictment, which is the common law bill of particulars, the accused must be able to learn with reasonable certainty what is that charge upon which he will be called to answer upon arraignment. Is it to be manufacturing or selling liquor, transporting, exporting or delivering same, or is it to be soliciting, taking orders for or furnishing such liquor? Each of these is a separate offense, and proof of no one of them involves any of the others. The offense of manufacturing is complete and may end before any of the others occurs. So of the selling, transporting, soliciting, etc. These propositions seem so self-evident as that we discuss them no further.

We next come to consider another proposition insisted upon, which is, that when several ways are set forth in the same statute by which an offense may be committed, and all are embraced in the same definition, and made punishable in the same way, they are not distinct offenses and may be charged conjunctively in the same count.

We are in accord with the principle thus stated but not with its application to the instant case. Bearing in mind that the expression, *an offense,* as just used, means one offense, as defined in Article 53 of our Penal Code, appellant's proposition may be restated as follows: When the definition of one offense in the statute embraces several ways in in which same may be committed, all punishable alike, these several ways may be charged conjunctively in the same count in an indictment. Can this proposition be applied in any way to the statute under consideration? Is there in either Sec. 1 or Sec. 2 of the Dean act, any definition of an offense embracing several ways in which same may be committed? If so, we are unable to find same. If it be contended that manufacturing, selling, transporting, etc., liquor are but several ways of committing an offense, and that they are embraced in the same definition of such offense, we ask—what offense is so defined and embraces these ways, and where is the definition? The answer is obvious. There is no such offense as "A violation of the liquor laws," nor is there any offense whose definition embraces manufacturing, selling, etc., liquor. Each of the acts named in said sections of this statute is an offense, complete in and of itself, and is not a part of the definition of any other offense.

Many authorities are cited by the State, and some confusion exists by reason of the lack of proper application of the principle embraced in the State's proposition which is under discussion. It is easy to see in a pandering case, Stevens v. State, 68 Texas Crim. Rep., 282, 150 S. W. Rep., 944; a vagrancy case, Mooneyhan v. State, 78 Texas Crim. Rep., 366, 181 S. W. Rep., 456; a murder case, Medina v. State, 49 S. W. Rep., 380, or a disorderly house case, Willis v. State, 34 Texas Crim. Rep., 148, 29 S. W. Rep., 787, that the principle of this proposition applies. The very definition of these offenses includes various ways of committing same, and such ways may some, or all, be included in one count and charged conjuctively. This is also true of that numerous class of cases embracing most of the citations made by the State, in which the definition of the offense charged showed that it might be committed in only one way *or* another: such as carrying a pistol on or about the person; burglary, by force, threats or fraud; gaming, in which it is forbidden to keep or exhibit the particular device, or to play at certain games at taverns, or inns or other public places. In these cases the uniform holding is that the various ways of committing the offense may be charged conjunctively in one count. This is also true of that class of cases in which the definition of one offense so includes another as that proof of the one necessarily involves or makes out the other; as passing or attempting to pass a forged instrument; establishing a raffle or lottery, and disposing of personal property by such means; keeping directly or as agent of another, some forbidden place of business. Randle v. State, 41 Texas, 292; Comer v. State, 26 Texas Crim. App., 509, 10 S. W. Rep., 106; Cabiness v. State, 66 Texas Crim. Rep., 409, 146 S. W. Rep., 934; Morris v. State, 57 Texas Crim.

Rep., 163, 121 S. W. Rep., 1112; Holman v. State, 90 S. W. Rep., 174; Willis v. State, 34 Texas Crim. Rep., 148, 29 S. W. Rep., 787; Howell v. State, 29 Texas Crim. App., 592, 16 S. W. Rep., 533.

What we have above said seems to be also true of that class of cases wherein, by an unnecessary prolixity of pleading an offense, the elements of another are included in the allegations in the count objected to, as where the allegation of opening and keeping open a place of business for the purpose of traffic on Sunday, is elaborated by the further allegation of specific sales on such day. We have always held that proof of such sales being material to establish that such opening and keeping open was for traffic purposes, this would not be duplicitous pleading. Brown v. State, 38 Texas Crim. Rep., 597, 44 S. W. Rep., 176; Armendariz v. State, 81 Texas Crim. Rep., 206, 194 S. W. Rep., 826. A similar principle applies to one indicted for being an accessory to theft, the indictment containing also some of the elements of resisting an officer. Smith v. State, 24 Texas, 285.

Likewise there seems in this State to be a settled rule that, where the pleader charges in one count a complete offense, and in said count appear a part of the elements of another offense, not necessary to make out the offense so .completely charged,—the allegations not so necessary may be rejected as surplusage. Nicholas v. State, 23 Texas Crim. Rep., 326, 5 S. W. Rep., 239; Smith v. State, 81 Texas Crim. Rep., 534, 197 S. W. Rep., 589; Branch's Ann. P. C. Sec. 497.

Many of the authorities cited by the State are disposed of in the several opinions upon the ground that an objection to an indictment for duplicity comes too late after conviction, but none of them seem to have application to the principle involved in the instant case, except that of Johnson v. State, 75 Texas Crim. Rep., 177, 171 S. W. Rep., 211, wherein the accused was charged with a violation of the Allison Act forbidding the intrastate shipment, carriage, transportation and delivery into prohibition territory, of intoxicating liquor. This court held in that case that an indictment charging all said acts conjunctively in one count, would be good, supporting its holding by an inaccurate statement of the proposition made by the State and under discussion at this time. It will not do to say: "If several offenses are embraced in the same general definition, and are punishable in the same manner, they are not distinct offenses and may be charged conjunctively in the same count." This expression was first used by this court, as far as we are advised, in the Comer case, 26 Texas Crim. App. 509, and is a quotation from the language of the annotation appearing in Willson's Crim. Statutes, Sec. 1989. The text of said annotation is not supported by the authorities cited by Mr. Willson, nor will the statement bear analysis. Several ways of committing same, may be embraced in one general definition of an offense, and these several ways may be charged conjunctively; but the enumeration of a number of acts, totally different one from the other, and which do not include each other, in one paragraph of an act of the legislature; though each is

forbidden, and made punishable therein, can in no sense be described as "Several offenses embraced in the same general definition." Such enumeration is not a definition. A definition is a description; or to be more exact, it is an enunciation of the consistuent elements that go to make up a given matter and the naming of a number of such offenses, is not equivalent to stating such elements of an offense. So we find ourselves unable to agree with the holding in the Johnson case, supra, and to the extent that same is in conflict with the views here expressed, said case will be overruled.

Indictments following the usual form for robbery with firearms, are held to charge but one offense, the use of the weapon not constituting a separate offense, but merely amounting to an aggravation of the punishment. Green v. State, 66 Texas Crim. Rep., 446, 147 S. W. Rep., 593; Lay v. State, 191 S. W. Rep., 291; Crouch v. State, 87 Texas Crim. Rep., 115, 219 S. W. Rep., 1100.

It is also urged that to charge the language of the statute in the indictment is sufficient. Even when the particular statute attempts to describe but one offense, this has been often held not sufficient. Branch's Ann. P. C., Sec. 494 for authorities. Not one of the cases cited in support of this contention in this motion, discusses a statute at all similar to the one on which the instant prosecution is based, and no benefit would arise from a review or discussion of said authorities. They are cases in which the language of the statute under discussion embraced but one offense, and in the view of this court the language of the indictment substantially following that of the statute was thought to be sufficient.

Finding ourselves unable to agree to the contentions urged in this motion, and believing adherence to well settled and sound principles of practice the better way to secure proper respect for an enforcement of the law, and that such is the only course open for us, the motion for rehearing is overruled.

*Overruled.*