W. K. WEAVER v. THE STATE.

No. 6837.   Decided April 5, 1922.

**1.—Intoxicating Liquor—Manufacture—Possession—Equipment—Sale.**

Since the adoption of the amendment to the Dean Law, there has been no offense in this State such as possessing equipment for the manufacture of intoxicating liquor, and the law against the possession of intoxicating liquor was so changed as to make same penal only when it was had for the purpose of sale.

**2.—Same—Indictment—Different Counts—Duplicity of Pleading.**

Where the first count in the indictment charged in one count both the manufacture of intoxicating liquor and possession of same, the same was duplicitious. Following Todd v. State, 89 Texas Crim. Rep., 99.

**3.—Same—Indictment—Practice on Appeal.**

Where no count in the indictment was sufficient to charge a violation of any law of the State, the judgment is reversed and the cause dismissed.

Appeal from the District Court of Cottle. Tried below before the Honorable J. H. Milam.

Appeal from a conviction of possession of equipment for the manufacture of intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Cottle County of a felony, and his punishment fixed at one year in the penitentiary.

The indictment herein contains three counts, the first of which charges that W. K. Weaver in the County of Cottle and State of Texas, "did then and there unlawfully manufacture and have in his possession intoxicating liquors," etc., the second count charging appellant with having in his possession equipment for the manufacture of intoxicating liquor, and the third count charging that appellant did then and there have in his possession intoxicating liquor and equipment for manufacturing such liquor. Since the adoption of the amendment to the Dean Law by the Second Called Session of the Thirty-seventh Legislature in 1921 there has been no offense in this State such as possessing equipment for the manufacture of intoxicating liquor. The legislature omitted this from their said amendment and thereby repealed the law against possession of such equipment, as has been held by us in several cases. The law against possession of intoxicating liquor was so changed as to make same penal only when had in possession for sale.

The first count in this indictment is fatally defective because charging in one count both the manufacture of intoxicating liquor and possession of the same. Todd v. State, 89 Texas Crim. Rep. 99; 229 S. W. Rep. 515, The second count is defective because relating solely to the question of possession of equipment for the manufacture of such liquor, same being no longer an offense under any law in this State. The third count charges both the unlawful possession of equipment for the manufacture of such liquor, and the possession of such intoxicating liquor, the former being no longer an offense and it being now necessary to allege in the indictment that the possession of such liquor is had for the purpose of sale, the last count is also fatally defective. There being no count in the indictment sufficiently charging any offense against the laws of the State of Texas, we are compelled to reverse the judgment and direct a dismissal of the prosecution, which is accordingly done.

*Reversed and dismissed.*