### ALBERT WIMBERLEY v. THE STATE.

No. 7753. Decided January 2, 1924.

Rehearing denied April 30, 1924.

**1.—Intoxicating Liquor—Different Counts—Verdict.**

Where, upon trial of selling intoxicating liquor, all three counts in the indictment were submitted to the jury who were instructed to state in their verdict of which count the jury found the accused to be guilty, if any, and the verdict was found under the first count of selling intoxicating liquor to which it was applied, there was no reversible error.

**2.—Same—Evidence—Impeaching Witness—Bill of Exceptions.**

Under certain circumstances a party may impeach his own witness and in order to make such action appear erroneous, the bill of exceptions com-

plaining thereof, must affirmatively show that the party so impeached has not given testimony hurtful to the side offering it, and where the bill of exceptions did not show this, there is no reversible error.

### 3.—Same—Evidence—Bill of Exceptions.

Where the record showed the fact that the bottle of whisky referred to by said witnesses was the same as that bought from appellant, testimony as to the contents thereof and the manner in which the witnesses acquired it, was admissible in evidence.

### 4.—Same—Election by State—Same Transaction—Kindred Offenses.

Where the three counts in the indictment were of such form as that they might relate to the same transaction and be but kindred offenses arising therefrom, there was no error in overruling the motion that the State elect, and where the court properly submitted the matter to the jury, there is no reversible error.

### 5.—Same—Rehearing—Grand Jury—Charge of Court—Limiting Testimony.

The witness Duncan denying that he had made statements before the grand jury, and giving testimony hurtful to the State, might have been impeached by proof of the testimony given by him before the grand jury, and·it would have been proper for the court to instruct the jury limiting such testimony, but in the absense of an objection to the court's failure to do so and in view of the verdict of the jury, there is no reversible error.

### 6.—Same—Different Counts in Indictment—Kindred Offenses—Words and Phrases.

It is a well settled rule that when there are several counts in an indictment charging kindred offenses growing out of one transaction, the State is not required to elect, and the court instructing the jury in the instant case that in case of a verdict of guilty they say upon which count their verdict rests, there is no reversible error, and the complaint as to the words "count" or "counts" used in the charge is without merit.

Appeal from the District Court of Llano. Tried below before the Honorable J. H. McLean.

Appeal from a conviction of unlawfully selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Flack & Flack,* for appellant. On question of impeaching witness: Bryan v. State, 234 S. W. Rep., 84.

On question of election by State: Hooper v. State, 250 S. W. Rep., 694.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Llano County of selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The indictment contained three counts, one charging the sale, one

the furnishing, and the other the delivering of intoxicating liquor. All three counts were submitted in the charge of the learned trial court, but under instructions to state in their verdict of which count the jury found the accused to be guilty, if any, the verdict found him guilty under the first count.

Appellant, among other things, complains of the lack of sufficient evidence, but as we read the record it abundantly shows a sale by him of whisky, and also that such liquor was intoxicating.

A bill of exceptions complains because the State asked one of its witnesses if he did not make a certain statement before the grand jury to which the witness answered that he did. When objection was made to this question and answer, the State's attorney replied that he was offering said testimony for the purpose of impeaching the witness. There are circumstances in which a party may impeach his own witness, and in order to make such action appear erroneous the bill of exceptions complaining thereof must affirmatively show that the party so impeached has not given testimony hurtful to the side offering him. The bill of exceptions presenting appellant's objection in this regard nowhere shows that said witness had not given testimony hurtful to the State's case. In this condition of the record no error would appear.

Complaint is made of the admission of testimony from witnesses Watkins and Kendrick of the fact that they tasted the contents of a bottle of whisky on the evening of December 26, 1921, near a certain school house in the town of Llano. The objection to this testimony was that it was out of the presence of the accused and after the alleged sale of the liquor and that it had no connection with the transaction charged. There is nothing in either bill of exceptions to show that such objections were in fact well founded. An examination of the record reveals the fact that the bottle of whisky referred to by said witnesses was the same as that bought from appellant in the transaction charged herein. Inasmuch as the question as to whether the contents of said bottle was intoxicating liquor or whisky, was vital to the issue before the jury, testimony as to the contents of said bottle and the manner in which the witnesses acquired their knowledge of its contents, would be admissible whether acquired in the presence of the defendant or not.

After the evidence was closed appellant made a motion to require the State to elect upon which count it would go to the jury. The motion was overruled and complaint is made of this action. As stated above, the three counts in the indictment were of such form as that they might relate to the same transaction, and be but kindred offenses arising therefrom. It is easy to understand how delivering, furnishing and selling intoxicating liquor might be charged and all be founded upon the same transaction. In Sec. 444 of his Annotated P. C., Mr. Branch cites many cases supporting the proposition that if

only one transaction or act is charged and different counts are contained in the indictment to meet the possible phases that the testimony may assume, the State will not be required to elect between such counts. Appellant cites Todd v. State, 89 Texas Crim. Rep., 99, 229 S. W. Rep., 515 and Knott v. State, 93 Texas Crim. Rep., 239, 247 S. W. Rep., 520. The Todd case had reference to an indictment wherein a number of offenses were charged in one count, and the Knott case where the verdict adjudged the accused guilty of more than one felony. We do not quite get the application of either to the principle here involved. The kindred offenses were charged in separate counts, and the verdict found the accused guilty under only one of them.

What we have just said disposes of the matter complained of in bill of exceptions No. 5. The court properly submitted to the jury in his charge the three kindred offenses laid in separate counts in the indictment, instructing them that they could find the appellant guilty of but one.

This disposes of the matters contained in appellant's bills of exception, and finding no error an affirmance must be ordered.

*Affirmed.*

ON REHEARING.

April 30, 1924.

LATTIMORE, JUDGE.—Appellant complains that we took the wrong view of the purpose and effect of his objection to the testimony of witness Duncan as to what was said by said witness while before the grand jury. We have again reviewed the matter and are inclined to think that to some extent appellant is right in his conclusion. However the matter is not properly brought before us for review. The witness Duncan denying that he had made statements before the grand jury, and giving testimony hurtful to the State, might have been impeached by proof of the testimony given by him before the grand jury, in which event it would have been proper for the court to instruct the jury that such testimony could only be considered for purposes of impeachment. There was no such charge in the instant case, but no exception was taken to the failure of the court to so instruct the jury. We would regard the matter as one of no material effect however in view of the verdict of the jury. The charge in the indictment was a sale of liquor to Alfred Hardin. Hardin took the witness stand in behalf of the State and testified that on the day in question he saw appellant and got from him a quart of whisky; that he did not then pay him for it but told him that he would hand it to him some time. The liquor that he got was whisky and intoxicating. Upon this state of facts a verdict of guilty would have been upheld by this court had the witness Duncan not been

asked the matter under discussion as to what he testified before the grand jury. The penalty given by the jury was the minimum, and if the learned trial court had failed to instruct the jury as to the purpose for which the testimony could be admitted, and this omission had been properly excepted to, we would hold it productive of no harmful effect in view of the fact that appellant received the lowest penalty. We think the testimony shows with sufficient certainty that witnesses Watkins and Kendrick tasted the contents of the bottle of liquor purchased by Hardin from appellant on the occasion charged.

Appellant makes serious attacks upon our opinion in regard to the submission of the various counts in the indictment. It is the well settled rule that when there are counts in an indictment charging kindred offenses growing out of one transaction, the State is not required to elect but may submit to the jury all of the counts, it being further the rule that in such case the court should instruct the jury that in case of a verdict of guilty they say upon which count their verdict rests. Complaint is made that in the charge in this case the court told the jury to find under which *count or counts,* etc. We think the criticism of the charge without merit. The jury found the accused guilty under the first count, and, as above stated, gave him the minimum penalty.

Believing the motion to be without merit it will be overruled.

*Overruled.*