## M. J. STEVENSON v. THE STATE.

No. 18345. Delivered May 27, 1936.

The opinion states the case.

*Horace H. Shelton* and *D. J. Pickle,* both of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for negligent homicide; punishment, one year in the county jail.

Appellant was charged by complaint and information with negligent homicide of the second degree, it being averred, in part, that in Austin, Texas, an incorporated city, without apparent intention to kill, this appellant drove a motor vehicle at a greater rate of speed than twenty miles per hour, and drove it on the left-hand side of said highway, which vehicle was not equipped with sufficient brakes, and did then and there negligently and carelessly, by reason of the operation of said vehicle, strike, wound and fatally injure James Peachey.

Exception was leveled at the State' pleading, for that it was duplicitous, it being claimed that same charged in one count three or more separate misdemeanors; also that there was no allegation that what appellant was doing was unlawful. The motion to quash was properly denied. Mr. Branch in Sec. 508 of his Annotated P. C. cites Howell v. State, 29 Texas App., 592; Brown v. State, 38 Texas Crim. Rep., 597, and a score of other cases holding that when an offense may be committed in various ways,—not repugnant to each other,—same may be alleged to have been committed in some or all of the ways referred to. It being alleged that appellant was doing three things, each of which was and is a misdemeanor, and which clearly were not repugnant to each other, and that as a result of some one or all of said unlawful acts he struck and killed,— it must be apparent that the State was making application of the rule above referred to, and that its pleadings were correct,

and might be supported by proof of anyone or all of the violations which appellant is said to have committed.

We find twelve bills of exception, each and all of which have been examined and considered, but none are deemed to merit discussion or to exhibit error. The facts show appellant's guilt, and there being no tenable complaint of any matter of procedure, the judgment is affirmed.

*Affirmed.*