# JUNE 3, 1936

## GEORGE F. BOOKER V. THE STATE.

No. 18277.   Delivered May 6, 1936.
Rehearing Denied June 3, 1936.

The opinion states the case.

*Vickers, Campbell & Evans* and *Walter F. Schenck,* all of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of keeping a bawdy house, and his punishment

was assessed at a fine of two hundred dollars and confinement in the county jail for a term of twenty days.

Appellant's first complaint is that the court erred in declining to sustain his motion to quash the complaint and information because the same was duplicitous and repugnant, in that it is charged in the information that the offense was committed in a number of modes. Where several ways by which an offense may be committed are embraced in the same general definition and are punishable in the same manner they are not distinct offenses and may be charged conjunctively in the same count as was done in the instant case. See Copping v. State, 7 Texas App., 61; Willis v. State, 34 Texas Crim. Rep., 148.

By bill of exception number one appellant complains of the action of the court in permitting Velma Ray, a witness for the State, to testify that she and Bob Carey were arrested by the officers in the Cova Hotel on the night of June 29; that they were carried to the city hall and locked up; that a complaint of vagrancy was filed against each of them; that they pleaded guilty to said charge; that prostitution was not mentioned; to which appellant objected upon the ground that the offenses of which she and Bob were convicted did not concern this case and were wholly immaterial, irrelevant, and prejudicial. Under Art. 634, Branch's Annotated Texas Penal Code, now Art. 607, P. C., 1925, a common prostitute comes within the meaning of a vagrant and so does a male person who habitually associates with prostitutes or habitually loiters in or about a house of prostitution. The record shows that she and Bob Carey had been occupying a room at the appellant's hotel since the 10th day of June. We think this testimony was admissible as a circumstance tending to show that the purported hotel was a bawdy house and that she was plying her vocation at said place of business with appellant's knowledge and consent.

Bill of exception number two is without merit. The bill discloses that appellant was seeking to elicit from the witness a conclusion. The witness had already stated facts from which the jury could draw their own conclusions.

By bill of exception number three appellant complains of the action of the court in not permitting him on cross examination of the witness, Robert Carey, to ask him if it was not a fact that he, Booker, did not know that the witness Carey was in the room with this girl on the night of June 29th; to which the State objected and the objection was sustained by the court. The bill of exception is insufficient in that it fails to disclose what answer the witness would have made to the

question. Moreover, it is not shown that the witness knew what knowledge, if any, the appellant possessed relative to the matter inquired about. We therefore overrule his contention.

By bill of exception number four appellant complains of the action of the court in permitting the officers to testify as to what they discovered in the search of appellant's premises on the night of June 29th, because the officers did not give notice to the appellant of their purpose in coming to his place of business nor did they read or present a search warrant to him; therefore all testimony given by the officers relating to what they discovered by reason of their search was inadmissible under art. 727a, C. C. P., 1925. We cannot agree with the appellant. In the case of Justice v. State, 112 Texas Crim. Rep., 586, this court said that an officer ought to give notice of his purpose, upon going to the place ordered to be searched, or before seizing any property for which he is ordered to make a search, but a failure to give such notice does not render the search illegal, and, therefore, does not result in a rejection of the evidence obtained as a result thereof. In the instant case the officers had a search warrant to search the appellant's premises which they did not present to or read to the appellant, and no complaint is made of the validity of the search, and, therefore, under the rule announced in the case of Justice v. State, supra, the court did not err in admitting the testimony complained of.

Appellant also contends that the court erred in failing to instruct the jury, in substance, that unless they believed from the testimony beyond a reasonable doubt that prostitutes were permitted by appellant to resort and reside in the Cova Hotel for the purpose of plying their vocation, to acquit. The appellant's requested charges one, two, four, and seven, in substance, presented the foregoing theory contended for by appellant. An inspection of paragraph two of the court's main charge shows that the court gave such an instruction, and, therefore, it was unnecessary to give appellant's requested charges.

Appellant also complains of the action of the court in declining to give his requested charge number three which required the jury to believe beyond a reasonable doubt that the appellant violated the law in all the ways specified in the statute, and unless they so found, to acquit him. We think this charge was incorrect, because if appellant violated the law by any of the means specified in the statute, he was guilty.

The subject of appellant's requested charges numbers six, eight, and nine, we think, was included in the court's main

charge, in this, that the court instructed the jury that unless they believed from the evidence beyond a reasonable doubt that George F. Booker did unlawfully and wilfully keep or was concerned in keeping a bawdy house for prostitutes, where prostitutes were permitted to resort and reside for the purpose of plying their vocation, etc. Hence it was not necessary for the court to again instruct the jury on the same subject by giving appellant's requested charges. The court's charge required the jury to believe from the evidence beyond a reasonable doubt that he kept a house where prostitutes were permitted to resort and reside for the purpose of plying their vocation. If he did not know that they were doing so, it would raise the presumption that he was not permitting it to be done.

Appellant's next contention is that the court erred in declining to give his requested charge number ten instructing the jury that the officers, who made the search and testified in behalf of the State, were accomplices. We do not agree with him, and, therefore, overrule his contention.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Arts. 4-a and 4-b of the 1925 C. C. P., making it an offense to search a private residence or place of business of another without having obtained a search warrant, have been expressly repealed. It is no longer a violation of any State law in Texas to make such search. That officers went to a public hotel and found in different rooms thereof men in bed with women, or in the rooms with women not clad, and not their wives,—without having read to the proprietor of the hotel a search warrant which one of the officers had, was not an act in violation of law, or one ipso facto without probable cause. Appellant's complaint of our holding against him on his bill of exceptions No. 4 can not be sustained.

Appellant renews complaint of our refusal to give his special charge No. 10 concerning accomplice witnesses. Said special charge, in words, sought to have the jury told that all of the State witnesses "except the two police officers," were accomplices. There were a number of witnesses for the State

other than said two police officers who were not inmates of the hotel and were not accomplices. The court correctly refused said special charge.

Appellant further complains because of the court's failure to give certain special charges claimed by him to present affirmatively his defense that he did not know that the various women in his hotel were prostitutes plying their vocation. Examining the charge of the court as given we note the following:

"In this connection, you are charged that * * * unless you further find beyond a reasonable doubt that the defendant, Geo. F. Booker, had knowledge of the fact that such hotel being so operated, if you find it was so operated, was a bawdy house being resorted to by prostitutes for the purpose of plying their vocation, you will acquit said defendant and so say by your verdict, or if you have a reasonable doubt as to whether or not said defendant had knowledge that such house was a bawdy house, etc., you will acquit said defendant and say by your verdict not guilty."

We see no error in the refusal of the special charges mentioned.

Being of opinion that the case was correctly decided, the motion for rehearing is overruled.

*Overruled.*