## H. W. Wilson v. The State.

No. 18750.   Delivered January 27, 1937.
State's Rehearing Denied March 17, 1937.

The opinion states the case.

*Edwin M. Fulton,* of Gilmer, and *Robert W. Cummins,* of Center, for appellant.

*Milton Greer Mell.* Co. Atty., of Gilmer and *Lloyd W. Davidson,* State's Atty., of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for violating the liquor law; punishment, a fine of $100.00.

Without setting out the contents of the affidavit and information herein, it is apparent from an inspection of same that they do not plead sufficient facts to meet the requirements of the decisions of this court in many cases.   See Whit-

mire v. State, 94 S. W. (2d) 742; Privitt v. State, 98 S. W. (2d) 284; Kelly v. State, 98 S. W. (2d) 998.

The information and affidavit being insufficient, the judgment will be reversed and the prosecution ordered dismissed.

*Reversed and prosecution ordered dismissed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In a motion for rehearing by the able county attorney of Upshur County it is contended that though the allegations in the second count of the information herein, regarding a dry area, are insufficient, because of which we reversed and dismissed the case,—said allegations regarding dry area may be regarded as surplusage and still the complaint charge a violation of law, which if true would make our judgment of dismissal erroneous.

Omitting reference to dry area in said count, same charges that appellant unlawfully sold to F one pint of liquor, without having first complied with the laws of the State of Texas, in that he, the said Wilson, being then and there the holder of a medicinal permit issued by the Texas Liquor Control Board of the State of Texas, to sell liquor for medicinal purposes only, did not then and there first demand and receive from the said F a prescription for such liquor, issued in the legitimate practice of medicine by a physician, etc., etc.

We first observe that to make this a good complaint charging a violation of that part of the Liquor Control Act embraced by the medicinal permit subdivision of Sec. 15 of the act,—it would have to charge that appellant sold such liquor "for medicinal purposes." The complaint before us having omitted this necessary allegation, it would seem that to sustain the State's position, viz: that same still charged a violation of law,—we would have to hold that same charged a violation as under some one of the other permit subdivisions of Sec. 15; or else that that it charged a sale by appellant without having any permit whatever. We are unable to bring ourselves to believe that we could so hold. It is clear that if one be charged with a sale without permit, as under Sec. 4, Art. 1 of the Act, this fact should be so averred; and it also seems clear that if one be charged with selling without a package permit, and such be the averment in the complaint, he could not be convicted upon proof that he sold without a medicinal permit, and vice versa. The proposition seems almost self-evident. The principle is the same as announced and discussed in Todd v. State, 89 Texas

Crim. Rep., 99. It appears clear from the averments in the several counts of the complaint that it was the purpose of the pleader to charge an offense committed in a dry area, hence our former opinion.

The motion for rehearing is overruled.

*Overruled.*