## C. F. GUNN v. THE STATE.

No. 19181. Delivered November 10, 1937.

The opinion states the case.

*Norman, Stone & Norman,* of Jacksonville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor, punishment being assessed at a fine of $250 and confinement in jail for 20 days.

The complaint embraces averments showing that the sale of intoxicating liquors in Cherokee County had been prohibited.

Again, it is averred that appellant was the holder and owner of a medicinal permit issued to him by the Texas Liquor Control Board and that he maintained and operated a drug store in the city of Jacksonville, county of Cherokee, in which he kept, sold and bartered intoxicating liquors in violation of the law. Three paragraphs of the complaint attempt to charge the particular acts of the appellant which are alleged to constitute violations of the law. In their averments these paragraphs are substantially the same. We quote one of said paragraphs, as follows:

"That on or about the twenty-first day of January, A. D. 1937, the said C. F. Gunn did then and there unlawfully sell to L. H. Rhodes one-half pint of Brigadier Whisky, being one-half pint of intoxicating liquor, to-wit; Whisky, a distilled liquor, not upon a prescription issued in the legitimate practice of medicine by a physician licensed to practice medicine in the State of Texas, and who was not addicted to the use of any narcotic drug."

It is observed that there is no averment in the complaint that appellant sold such liquor "for medicinal purposes." In Wilson v. State, 102 S. W. (2d) 1057, such an averment was held to be essential. In that case it was alleged, in substance, that Wilson was the owner of a medicinal permit in a dry area, and that he sold whisky to a named purchaser without demanding and receiving a prescription from a licensed physician. There was no allegation in the complaint that the sale was for medicinal purposes. In the course of the opinion, Judge Lattimore, speaking for the court used language as follows:

"We first observe that to make this a good complaint charging a violation of that part of the Liquor Control Act embraced by the medicinal permit, subdivision (n) of section 15, article 1, of the act (Vernon's Ann. P. C., art. 666-15, subd. (n), it would have to charge that appellant sold such liquor 'for medicinal purposes.' The complaint before us having omitted this necessary allegation, it would seem that to sustain the State's position, viz., that same still charged a violation of law, we would have to hold that same charged a violation as under some one of the other permit subdivisions of section 15; or else that it charged a sale by appellant without having any permit whatever. We are unable to bring ourselves to believe that we could so hold. It is clear that, if one be charged with a sale without permit, as under section 4, article 1 of the act (Vernon's Ann. P. C., art. 666-4), this fact should be so averred; and it also seems clear that, if one be charged with selling without a pack-

age permit, and such be the averment in the complaint, he could not be convicted upon proof that he sold without a medicinal permit, and vice versa. The proposition seems almost self-evident. The principle is the same as announced and discussed in Todd v. State, 89 Texas Crim. Rep., 99, 229 S. W., 515. It appears clear from the averments in the several counts of the complaint that it was the purpose of the pleader to charge an offense committed in a dry area, hence our former opinion."

It follows that we are constrained to hold the complaint herein to be fatally defective.

The judgment is reversed and the prosecution ordered dismissed.

*Judgment reversed and prosecution ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.