STREETER TAYLOR V. THE STATE.

No. 19182.   Delivered November 24, 1937.

The opinion states the case.

*Norman, Stone & Norman,* of Jacksonville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor, punishment being assessed at a fine of five hundred dollars and confinement in jail for ninety days.

The complaint embraces averments showing that the sale of intoxicating liquors in Cherokee County had been prohibited. Again, it is averred that appellant was the holder and owner of a medicinal permit issued to him by the Texas Liquor Control Board, and that he maintained and operated a drug store in the City of Jacksonville, County of Cherokee, in which he kept, sold and bartered intoxicating liquors in violation of the law. Five paragraphs of the complaint attempt to charge the particular acts of the appellant which are alleged to constitute violations of the law. In their averments these paragraphs are substantially the same. We quote one of said paragraphs, as follows:

"That on or about the 20th day of January, A. D. 1937, the said Streeter Taylor did then and there unlawfully sell to Turner Keith one-half pint of Windsor Whiskey, being one-half pint of intoxicating liquor, to-wit: Whiskey, a distilled liquor, not upon a prescription issued in the legitimate practice of

medicine by a physician licensed to practice medicine in the State of Texas, and who was not addicted to the use of any narcotic drug."

It is observed that there is no averment in the complaint that appellant sold such liquor "for medicinal purposes." In Wilson v. State, 102 S. W. (2d) 1057, such an averment was held to be essential. In that case it was alleged, in substance, that Wilson was the owner of a medicinal permit in a dry area, and that he sold whisky to a named purchaser without demanding and receiving a prescription from a licensed physician. There was no allegation in the complaint that the sale was for medicinal purposes. The omission of such an allegation was held to render the complaint insufficient.

The judgment is reversed and the prosecution ordered dismissed.

*Judgment reversed and prosecution*
*ordered dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.