BEN E. SMITH V. THE STATE.

No. 19590. Delivered April 6, 1938.

The opinion states the case.

*Mahan & Broughton,* of Childress, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of unlawfully selling liquor, and fined $250.00.

The charging part of the complaint and information reads as follows: That "Ben E. Smith, being then and there an employee of the Childress Hotel Drug, Inc., said Childress Hotel Drug, Inc., being then and there the holder of a medicinal permit issued by the Texas Liquor Control Board to sell liquor for medicinal purposes only; Ben E. Smith did then and there unlawfully sell intoxicating liquor, to-wit: One pint of whisky to E. M. Gantt without first having received from the said E. M. Gantt a prescription for said liquor issued in the legitimate practice of medicine by a physician licensed to practice in the State of Texas. Neither said Ben E. Smith nor the said Childress Hotel Drug, Inc., being the holder of an industrial permit."

The appellant directed an exception to the court's charge because the court failed to charge the jury that they must believe the appellant sold such whisky for medicinal purposes, without having a proper prescription therefor, before he would be guilty as charged herein. Appellant's attorneys also complain because of the fact that the complaint and information state no offense against the laws of this State in that nowhere therein is it alleged that the appellant sold such liquor to E. M. Gantt for *medicinal purposes* without having a prescription therefor, etc.

The cases of Wilson v. State, 102 S. W. (2d) 1057, and Gunn v. State, 109 S. W. (2d) 1056, are cited as authority for such proposition. His contention seems to be supported by the above authorities, and under these authorities this cause is reversed and the prosecution ordered dismissed.